ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:   (415) 543-1305
Facsimile:    (415) 543-7861

Attorneys for Plaintiff
HILARY GAMACHE and MICHELE ANDRADE

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HILARY GAMACHE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DESERT CHAMPIONS LLC,<br><br>Defendant. | Case No:  4:15-cv-02112 EMC<br>Case No:  3:15-cv-01394 EMC<br><br>CLASS ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       February 11, 2016<br>Time:      1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge:     Hon. Edward M. Chen |
| MICHELE ANDRADE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DESERT CHAMPIONS LLC,<br><br>Defendant. | *Gamache* Complaint filed: May 11, 2015<br>*Andrade* Complaint filed:  March 26, 2015 |

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE** that on February 11, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the United States District Court of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Edward M. Chen presiding, Plaintiffs Hilary K. Gamache and Michele Andrade ("Plaintiffs") will and hereby do move this Court for an order (1) consolidating the above-referenced actions for the purposes of approving the Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement"); (2) preliminarily approving the Stipulation of Settlement; (3) conditionally certifying the proposed Settlement Class; (4) appointing Plaintiffs as Class Representatives; (5) appointing Plaintiffs' Counsel as Class Counsel; (6) approving the designation of the Settlement Administrator; (7) approving the proposed notice plan; and (8) scheduling a fairness hearing for final approval of the settlement.

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the Declaration of Eric A. Grover, the proposed order, the pleadings and papers filed in this case, and any oral argument this Court permits. Defendant Desert Champions LLC does not oppose this motion.

Dated: January 4, 2016                           **KELLER GROVER LLP**


                                                 By:   /s/ *Eric A. Grover*
                                                 _____
                                                       ERIC A. GROVER

                                                 *Counsel for Plaintiffs*
                                                 HILARY K. GAMACHE, MICHELE ANDRADE
                                                 and the proposed Class

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     SUMMARY OF CLAIMS AND PROCEDURAL HISTORY ........................ 2

        **A.**     Procedural History. ........................................................................ 2

        B.      The Parties reached a settlement in both Actions. ............................ 4

III.    THE PROPOSED SETTLEMENT TERMS ................................................ 4

        A.      Definitions of the Settlement Class and Class Period. ..................... 4

        B.      The Settlement Fund. ...................................................................... 5

        C.      Settlement payments to the Settlement Class members. ................... 6

        D.      Defendant's ongoing compliance with FACTA. ............................... 7

        E.      Class notice procedure. .................................................................. 7

        F.      Settlement administration. .............................................................. 8

        G.      Class Counsel's attorneys' fees and costs. ....................................... 8

        H.      Class Representatives' enhancement awards. ................................... 9

IV.     ARGUMENT ............................................................................................ 9

        A.      Preliminarily approval of the class action settlement is appropriate
                under Federal Rule of Civil Procedure Rule 23. ............................... 9

        B.      The Settlement Class satisfies Federal Rule of Civil Procedure 23
                for conditional certification. ......................................................... 10

                1.      FRCP 23(a) class certification requirements are satisfied. ...... 10

                        **(a)**     The proposed Class is sufficiently numerous. ............. 10

                        **(b)**     Commonality is satisfied. .......................................... 11

                        **(c)**     Plaintiffs' claims are typical of those of the proposed Class. ....... 11

                        **(d)**     Plaintiffs and their counsel will fairly and
                                adequately represent the Class. ................................. 12

                2.      FRCP 23(b)(3) requirements for class certification are satisfied. ............. 12

                        **(a)**     Common questions will predominate over individual ones. ......... 13

                        **(b)**     A Class Action is the superior method of adjudication. ............... 13

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## TABLE OF CONTENTS
### (Cont.)

**Page**

C.    The Settlement is fair, reasonable, and adequate. ................................. 15

    1.    The settlement amount is a fair compromise in light of the
litigation risks and uncertainties. ............................................ 16

    2.    Sufficient Informal Discovery Allowed Plaintiffs' Counsel to
Calculate Class Damages and Make Informed Decisions
Regarding Settlement ..................................................... 17

    3.    The Settlement was the product of informed, non-collusive,
and arms-length negotiations between experienced counsel
who jointly support the Settlement. .......................................... 18

    4.    The proposed notice process is reasonable. ............................... 19

    5.    Plaintiffs will submit a separate application for the
requested attorneys' fees, costs, and expenses. ........................... 21

    6.    The Settlement provides reasonable service awards for the
Class Representatives ...................................................... 22

D.    A final approval hearing should be scheduled. ................................... 23

V.    CONCLUSION ................................................................ 24

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

# **TABLE OF AUTHORITIES**

**Page**

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*
    521 U.S. 591 (1997) ........................................................................ 13, 14, 15

*Carter v. Anderson Merchandisers, LP*
    No. EDCV 07-0025-VAP, 2010 WL 1946784 (C.D. Cal. May 11, 2010) ...................... 18

*Churchill Village, L.L.C. v. Gen. Elec.*
    361 F.3d 566 (9th Cir. 2004) ................................................................ 15

*Eisen v. Carlisle & Jacquelin*
    417 U.S. 156 (1974) .......................................................................... 19

*Elkins v. Equitable Life Ins. of Iowa*
    No. CivA96–296–Civ–T–17B, 1998 WL 133741 (M.D. Fla. Jan. 27, 1998) ................. 15

*Glass v. UBS Fin. Servs., Inc.*
    No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ..................... 17, 18

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ........................................................... passim

*Ikonen v. Hartz Mountain Corp.*
    122 F.R.D. 258 (S.D. Cal. 1988) ............................................................ 10

*In re Beef Indus. Antitrust Litig.*
    607 F.2d 167 (5th Cir. 1979) ................................................................ 15

*In re Mego Fin. Corp. Sec. Litig.*
    213 F.3d 454 (9th Cir. 2000) ............................................................ 17, 22

*In re Syncor ERISA Litig.*
    516 F.3d 1095 (9th Cir. 2008) .............................................................. 16

*Jacobs v. California State Auto Ass'n Inter-Ins. Bureau*
    No. C 07-00362 MHP, 2009 WL 3562871 (N.D. Cal. Oct. 27, 2009). ..................... 22

*Lewis v. Starbucks Corp.*
    No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ............. 18

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*
    244 F.3d 1152 (9th Cir. 2001) ........................................................ 12, 13, 14

*McNamara v. Bre-X Minerals Ltd.*
    214 F.R.D. 424 (E.D. Tex. 2002) ........................................................... 23

*Mendoza v. United States*
    623 F.2d 1338 (9th Cir. 1980) ............................................................. 19

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**TABLE OF AUTHORITIES**
(Cont.)

**Page**

*Mullane v. Cent. Hanover Bank & Trust Co.*
     339 U.S. 306 (1950) ................................................................ 19

*Officers for Justice v. Civil Serv. Comm'n*
     688 F.2d 615 (9th Cir. 1982) .......................................... 15, 17

*Phillips Petroleum Co. v. Shutts*
     472 U.S. 797 (1985) ......................................................... 14, 19

*Radcliffe v. Experian Info. Solutions Inc.*
     715 F.3d 1157 (9th Cir. 2013) .............................................. 22

*Rodriguez v. W. Publ'g Corp.*
     563 F.3d 948 (9th Cir. 2009) ................................................ 22

*Romero v. Producers Dairy Foods, Inc.*
     235 F.R.D. 474 (E.D. Cal. 2006) .......................................... 10

*Satchell v. Fed. Exp. Corp.*
     No. C 03-2659 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) .................................... 18

*Silber v. Mabon*
     18 F.3d 1449 (9th Cir. 1994) ................................................ 19

*Strube v. Am. Equity Life Ins. Co.*
     226 F.R.D. 688 (M.D. Fla. 2005) .......................................... 15

*Valentino v. Carter-Wallace*
     97 F.3d 1227 (9th Cir. 1996) ................................................ 13

*Wal-Mart Stores, Inc. v. Dukes*
     131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ......................... 11

*Wang v. Chinese Daily News*
     737 F.3d 538 (9th Cir. 2013) ................................................ 13

*Wren v. RGIS Inventory Specialists,*
     No. C–06–05778 JCS, 2011 WL 1230826 (N.D. Cal. April 1, 2011) ......................... 16, 18


**Statutes**

15 U.S.C. § 1681n ................................................................. passim

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**<u>Rules</u>**

<u>Federal Rule of Civil Procedure</u>
23(a) ................................................................................................ passim
23(b) ................................................................................................ passim
23(c) ................................................................................................ 6, 19

**<u>Treatises</u>**

4 Newberg on Class Actions
§ 11:25 (4th ed. 2012) .......................................................................... 23

Manual for Complex Litigation (4th ed. 2004),
§ 21.61 ....................................................................................................... 9

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In two class action lawsuits, Plaintiffs HILARY K. GAMACHE and MICHELE ANDRADE ("Plaintiffs" or "Named Plaintiffs") sued Defendant DESERT CHAMPIONS LLC ("Desert Champions" or "Defendant") for violations of the Fair and Accurate Credit Transactions Act ("FACTA") on behalf of themselves and putative classes of individual consumers.[1]  Following a lengthy mediation session with an experienced and skilled mediator, Plaintiffs and Defendant (the "Parties") reached agreement to resolve all the claims asserted in the two actions for the amount of $575,000 (the "Settlement").  All of the terms of the Settlement are set forth in the Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement") attached as Exhibit 1 to the Declaration of Eric A. Grover submitted in support of the preliminary approval motion ("Grover Decl.").

Plaintiffs now move for preliminary approval of the Settlement.  The proposed Settlement satisfies all the criteria for preliminary settlement approval under Federal Rules of Civil Procedure 23 and is fair, reasonable, and adequate.  Defendant does not oppose the motion.

The Settlement is an excellent result for the Settlement Class members.  Defendant is required to pay $575,000 to settle the matter.[2]  The Net Settlement Sum, estimated to be $371,750, is the $575,000 Settlement Fund minus claims administration fees, attorneys' fees and costs, and the Class Representatives' service award payments.[3]  The Stipulation of Settlement provides that all of the Net Settlement Sum must be paid to Settlement Class members who do not opt out.[4]

---

[1] The operative complaint in *Gamache v. Desert Champions LLC*, Case No. 4:15-cv-02112-EMC, is the First Amended Complaint.  (Gamache Dkt. 25.)  The operative complaint in *Andrade v. Desert Champions LLC,* Case No. 3:15-cv-01394-EMC, is the complaint found at Andrade Dkt. 1.  The Court related the Actions on May 18, 2015.  (Andrade Dkt. 24 and Gamache Dkt. 6.)  The two actions are referred to in this brief collectively as the "Actions."

[2] Ex. 1 at ¶ 22.  All "Ex." References are to exhibits attached to the Grover Declaration unless stated otherwise.

[3] Ex. 1 at ¶ 23(a).

[4] Ex. 1 at ¶ 23 (a).

Settlement Class members do not need to file claims to participate.[5]   Defendant has no reversionary interest in the Settlement Fund.[6]

Plaintiffs respectfully request that the Court (1) consolidate the above-referenced actions for the purposes of approving the Settlement; (2) preliminarily approve the Settlement; (3) conditionally certify the proposed Settlement Class; (4) appoint Plaintiffs and their Counsel as Class Representatives and Class Counsel, respectively; (5) approve Phoenix Settlement Administrators as the Settlement Administrator, (6) approve the proposed notice plan; and (7) schedule a fairness hearing for final approval of the Settlement.

## II.   SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

### A.   Procedural History.

On March 26, 2015, Plaintiff Michele Andrade brought a putative class action against Defendant (the "*Andrade* Action"), captioned *Andrade v. Desert Champions LLC*, in the United States District Court for the Northern District of California, where it was assigned Case No. 3:15-cv-01394-EMC.[7]

On May 11, 2015, Plaintiff Hilary K. Gamache brought a putative action (the "*Gamache* Action") captioned *Gamache v. Desert Champions LLC*, United States District Court for the Northern District of California Case No. 4:15-cv-02112-EMC, against Defendant.   Plaintiff Gamache filed the First Amended Complaint on August 18, 2015.[8]

On May 18, 2015, the Court ordered the *Andrade* and *Gamache* Actions related.[9]

FACTA prohibits merchants that accept credit and debit cards from printing more than the last five digits of a card number or the expiration date upon any receipt provided to the cardholder "at the point of sale or transaction."[10]   FACTA's prohibition became effective as of January 1,

---

[5] Ex. 1 at ¶ 23(a).

[6] Ex. 1 at ¶ 23(d).

[7] Andrade Dkt. 1.

[8] Gamache Dkt. 25.

[9] Andrade Dkt.  24 and Gamache Dkt. 6.

[10] 15 U.S.C. § 1681c(g).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

2005 with respect to point-of-sale machines first put in use on or after that date, and as of December 4, 2006 with respect to all point-of-sale machines irrespective of age.[11] The statute of limitations applicable to FACTA actions is two years.[12]

In the Actions, Plaintiffs allege that, on and after March 26, 2013 through as late as April 17, 2015, Defendant processed credit and debit card transactions in connection with telephone and internet orders and at its box office locations at Indian Wells, California and provided consumers with electronically printed receipts which displayed the first number of the card and did not mask the credit and debit card expiration dates. Plaintiffs seek statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681n based on allegations that Defendant willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements.[13]

On April 23, 2015, Defendant brought a motion to dismiss the *Andrade* Complaint based on the theory that FACTA's prohibitions do not apply to receipts that are mailed to consumers by a defendant business.[14] In an order dated July 9, 2015, the Court dismissed the Andrade Complaint.[15] Plaintiffs filed a notice of appeal of that order on July 20, 2015.[16] On December 28, 2015, the Ninth Circuit dismissed the *Andrade* appeal without prejudice to its reinstatement for the purpose of allowing the Court to review this settlement, which resolves the claims alleged in the *Andrade* Complaint.[17]

On June 18, 2015, Defendant brought motions to dismiss and strike the *Gamache* Complaint.[18] In an order dated August 17, 2015, the Court denied both motions and granted Plaintiff Gamache leave to file an amended complaint, which she did on August 18, 2015.[19]

---

[11] 15 U.S.C. § 1681c(g).

[12] 15 U.S.C. § 1681p.

[13] Andrade Dkt. 1 and Gamache Dkt. 25.

[14] Andrade Dkt. 14.

[15] Andrade Dkt. 30.

[16] Andrade Dkt. 32.

[17] Ex. 2 (Ninth Circuit Dkt. 8).

[18] Gamache Dkt. 10.

[19] Gamache Dkt. 24, 25.

Defendant filed an answer to the First Amended Complaint in the *Gamache* Action on September 3, 2015.[20]

Defendant has denied all of the allegations in their entirety.  To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the Actions.[21]

**B.      The Parties reached a settlement in both Actions.**

In an effort to avoid protracted and costly litigation, the Parties began discussing the possibility of settlement and exchanged informal discovery that enabled the Parties to engage in informed, arms'-length negotiations of possible settlement alternatives.  On October 27, 2015, the Parties mediated the Actions with respected mediator and retired Untied States Magistrate Judge, the Hon. Edward A. Infante, reaching a settlement of the Actions subject to the Court's approval.[22]

The Parties entered into a more detailed, formalized settlement agreement to submit to the Court for preliminary and final approval.  All of the terms of the Settlement are set forth in the Stipulation of Settlement.[23]   Plaintiffs now seek the Court's preliminary approval of the Settlement.

**III.      THE PROPOSED SETTLEMENT TERMS**

**A.      Definitions of the Settlement Class and Class Period.**

The Stipulation of Settlement defines the Settlement Class as follows:

> All consumers who engaged in debit or credit card transactions with Defendant over the internet, by telephone, or in-person at one of its Indian Wells, California box office locations between March 26, 2013 and April 17, 2015, inclusive (the "Settlement Class").[24]

---

[20] *Gamache* Dkt. 26.

[21] Grover Decl. at ¶ 12.

[22] Grover Decl. at ¶ 13.

[23] Grover Decl. at ¶ 13, Ex. 1.

[24] Ex. 1 at ¶ 11.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

The Settlement Class includes Plaintiffs, but does not include Plaintiffs' Counsel, Defendant's employees, the Court or its staff.[25]  The "Class Period" is defined as the period March 26, 2013 through April 17, 2015, inclusive.[26]  The members of the Class are referred to in this memorandum as "Settlement Class members."

Based on information from Defendant's records, the Settlement Class is estimated to include approximately 17,497 individual consumers who engaged in 23,500 credit and debit card transactions during the Class Period.[27]

**B.     The Settlement Fund.**

The proposed Settlement provides a fair resolution of the Actions' FACTA claims. Settlement Class members who do not opt-out will obtain meaningful monetary benefits on terms that Plaintiffs believe to be fair, reasonable and adequate.[28]

The Settlement requires Defendant to pay $575,000 (the "Settlement Fund") to settle the Actions.[29]  Subject to the Court's approval, the Settlement Fund will be used to cover all payments to Settlement Class members, the cost of administering the settlement, attorneys' fees and costs, and the named Plaintiffs' service awards.[30]

The Parties estimate that, after deducting the administration costs, attorneys' fees and costs, and modest enhancements for the named Plaintiffs, all of which are subject to the Court's approval, approximately $371,750 will be available for distribution on a pro rata basis to the Settlement Class members who do not opt out of the Settlement.[31]  All of the Net Settlement Sum will be paid out.[32]  There is no reversion of any amount to Defendant.[33]

---

[25] *Id.*

[26] *Id.*

[27] Ex. 1at ¶ 21.

[28] Grover Decl. at ¶¶ 16-29.

[29] Ex. 1 at ¶ 22.

[30] *Id.*

[31] Ex. 1 at ¶ 23(a).

[32] Ex. 1 at ¶ 23(a).

[33] Ex. 1 at ¶ 23(d).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

C.      **Settlement payments to the Settlement Class members.**

Settlement Class members are not required to file claims. The Stipulation of Settlement provides that each Settlement Class member who does not opt out of the settlement (i.e., an "Eligible Settlement Class member") will receive a settlement payment equal to a pro rata share of the Net Settlement Sum multiplied by the number of credit and debit card transactions he or she engaged in during the Class Period.[34]   Based on an estimated 23,500 debit and credit card transactions during the Class Period and $371,750 estimated Net Settlement Sum, each Pro-Rata Share will have a value of approximately $15.82.[35]

The Settlement Class members will have 90 calendar days from the date of their settlement check to negotiate or deposit the check.[36]  At the end of the 90 day period, if the total amount of uncashed checks divided by the number of Eligible Settlement Class members who cashed their Settlement Check is greater than $5.00, there will be a second round of Settlement Checks mailed to those Eligible Settlement Class members who cashed their original Settlement Check.[37]  If the total amount of uncashed original Settlement Checks is less than $5.00 per Eligible Settlement Class member who cashed their original Settlement Check, then there will be no issuance of any second Settlement Checks and the total amount of the uncashed Settlement Checks will be paid to the designated cy pres beneficiary, Consumer Federation of California, subject to the Court's approval.[38]  If there is a second round of Settlement Checks, after expiration of the 90 day check cashing period, the total amount of any uncashed Settlement Checks shall be distributed to Consumer Federation of California.[39]  None of the Parties or their counsel has any financial, personal, employment or other connection to Consumer Federation of California.[40]

---

[34] Ex. 1 at ¶ 23(a).

[35] Ex. 1 at ¶ 23(a).

[36] Ex. 1 at ¶ 23(c).

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*; Grover Decl. at ¶ 40.

**D.      Defendant's ongoing compliance with FACTA.**

As of April 18, 2015, all of Defendant's electronically printed receipts provided to a cardholder at the point of sale or transaction resulting from purchases or transactions paid for with a credit card or debit card have complied with FACTA's truncation requirements.[41]  As part of the Settlement, Defendant has agreed to continue to abide by FACTA's truncation requirements.[42]

**E.      Class notice procedure.**

The Stipulation of Settlement provides a class notice procedure involving multiple methods of reaching the Settlement Class.  The Parties have agreed that notice to Settlement Class members will be given in the following ways:

1)      The proposed settlement Administrator, Phoenix Settlement Administrators, will mail the Class Action Settlement Notice to Settlement Class members for whom a mailing address is available. Defendant estimates that it has the name of each of the 17,497 Settlement Class members and the mailing and/or email address of approximately 95% of the Settlement Class members.  The Settlement Administrator will attempt to locate a current address mailing and/or email address for the remaining 5%.

2)      The Settlement Administrator will email the Class Action Settlement Notice to those Settlement Class members for whom Defendant has an email address.

3)      The Settlement Administrator will publish a dedicated website online at the URL www.DesertChampionsFACTASettlement.com (or a similar name if that one is not available), which will include downloadable versions of the Stipulation of Settlement, Class Action Settlement Notice, Opt-Out Form and other relevant documents.[43]

All of the proposed notice methods explain the terms of the Settlement and how to object to the Settlement or request exclusion from the Settlement.  Settlement Class members will have 60 calendar days from the date the Class Action Settlement Notices are first mailed to exclude themselves from the settlement by returning a completed Opt-Out Form or document containing the equivalent information to the Settlement Administrator.[44]   A specific date will be provided in

---

[41] Ex. 1 at ¶ 24.

[42] *Id.*

[43] Ex. 1 at ¶ 25.

[44] Ex. 1 at ¶ 28, *see* Stipulation of Settlement Exhibit C (Opt-Out Form).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

the notice materials informing the Settlement Class members of the exact deadline.[45]   Settlement

Class members who object to the settlement also will have 60 days from the date the Class Action

Settlement Notices are first mailed to submit their written objection with the Court.[46]

**F.      Settlement administration.**

Subject to the Court's approval, the Parties have selected Phoenix Settlement

Administrators to serve as the Settlement Administrator.[47] A declaration by Michael Moore of

Phoenix Settlement Administrators attesting to its credentials to serve as Settlement Administrator

is attached as Exhibit 3 to the Grover Declaration.   The Settlement Administrator will, among

other things, establish a toll-free number and provide caller support, establish a settlement

website, provide mail and email notification to Settlement Class members, and issue and mail

settlement checks.   The Stipulation of Settlement estimates the cost of claims administration will

be $39,500.[48]

**G.      Class Counsel's attorneys' fees and costs.**

The Stipulation of Settlement provides that Plaintiffs may seek attorneys' fees not to

exceed $143,750 (25% of the Settlement Fund) and costs and expenses not exceed $10,000.[49]

Those amounts are intended to compensate Class Counsel for all of the work already performed in

litigating the Actions and the work remaining to be performed by Class Counsel in documenting

the settlement, securing approval of the settlement, making sure that the settlement is fairly

administered and implemented, and obtaining dismissal of the action and to reimburse Class

Counsel's out-of-pocket costs incurred in the litigation of the Actions.   Class Counsel will make a

separate application for attorneys' fees and costs.

---

[45] *See* Ex. 1, Stipulation of Settlement Exhibit A (Class Action Settlement Notice).

[46] Ex. 1 at ¶ 29.

[47] Ex. 1 at ¶ 19.

[48] Ex. 1 at ¶ 20.

[49] Ex. 1 at ¶ 26.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103

Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### H.   Class Representatives' enhancement awards.

The Stipulation of Settlement provides for modest enhancement awards for each of the named Plaintiffs and proposed class representatives, subject to the Court's approval.[50]   Plaintiffs Andrade and Gamache will request enhancement awards of $5,000 each.   This request will be the subject of a separate application supported by evidence of the time spent, assistance provided, and risks incurred by the named Plaintiffs for the benefit of the Class.[51]

### IV.   ARGUMENT

#### A.   Preliminarily approval of the class action settlement is appropriate under Federal Rule of Civil Procedure Rule 23.

A class action may not be dismissed, compromised or settled without approval of the Court.[52]   Proper review and approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement after submission of a written motion; (2) dissemination of mailed and/or published notice of the settlement to all class members; and (3) a formal fairness hearing, or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.[53]   The decision to approve or reject a proposed settlement is within the sound discretion of the court.[54]   A decision approving a class action settlement may be reversed only upon a strong showing of clear abuse of discretion.[55]

Federal Rule of Civil Procedure 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been

---

[50] Ex. 1 at ¶ 27.

[51] Grover Decl. at ¶¶ 36-38.

[52] *See* Fed. R. Civ. P. 23(e).

[53] *Manual for Complex Litigation* (4th ed. 2004), § 21.61.

[54] *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

[55] *Id.*

certified;[56] and (2) that the settlement is fair, reasonable, and adequate.[57]   Here, both of these requirements for preliminary approval of this class action settlement are satisfied.

### B.   The Settlement Class satisfies Federal Rule of Civil Procedure 23 for conditional certification.

Rule 23(a) sets out four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.[58]   Furthermore, Rule 23(b)(3) provides that a class action seeking monetary relief may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[59]   All of these requirements are met here.[60]

### 1. FRCP 23(a) class certification requirements are satisfied.

#### (a) *The proposed Class is sufficiently numerous.*

The numerosity prerequisite demands that the class be large enough that joinder of all members would be impracticable.[61]   While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members.[62]   Based on its records, Defendant estimates that, during the Class Period, a total of 23,500 relevant credit and debit card purchases or transactions occurred that could have resulted in it providing an electronically printed receipt to its customers.[63]   Defendant estimates that these purchases or transactions were made by

---

[56] Fed. R. Civ. P. 23(a) and (b); *Hanlon*, 150 F.3d at 1020.

[57] Fed. R. Civ. P. 23(e)(2).

[58] Fed. R. Civ. P. 23(a)(1)-(4).

[59] Fed. R. Civ. P. 23(b)(3).

[60] Defendant has stipulated to the certification of the proposed class and appointment of the proposed class representatives and Class Counsel for purposes of settlement only. Ex. 1 at ¶ 11.

[61] Fed. R. Civ. P. 23(a)(1).

[62] *See e.g.*, *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (40 class members satisfies numerosity); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006) (same).

[63] Ex. 1 at ¶ 21.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

approximately 17,497 individual consumers,[64] making the number of class members much too numerous for joinder to be practicable.

### (b) *Commonality is satisfied.*

The commonality prerequisite for class certification concerns the existence of questions of law and/or fact common to the class and is "construed permissively."[65] To satisfy the commonality requirement of Rule 23(a), the plaintiff must assert at least one common contention that is capable of class-wide resolution.[66]   In this case, all putative class members share two common legal questions – whether Desert Champions violated FACTA by printing the first digit of the credit or debit card number and expiration date on customer receipts, and whether that violation was willful.[67]   Any factual variations among class members, such as differences in the number of transactions they engaged in or which credit or debit cards they used, have no bearing on these common legal questions.  All class members share the common interest of determining whether the same receipt-printing practice was lawful and whether they are entitled to statutory damages for Defendant's allegedly willful violations.[68]

### (c) *Plaintiffs' claims are typical of those of the proposed Class.*

The typicality prerequisite of Rule 23(a) is met if the named plaintiff's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical."[69]  Here, typicality is satisfied because the Plaintiffs' claims are the same as the claims brought by Settlement Class members.  Plaintiffs and all other Settlement Class members allege the same injury and violation of their legal rights resulting from the same course of conduct, the printing of too much information on credit or debit card receipts.   Plaintiffs and all other

---

[64] *Id.*

[65] *Hanlon*, 150 F.3d at 1019.

[66] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).

[67] Grover Decl. at ¶ 33.

[68] *Id.*

[69] *Hanlon*, 150 F.3d at 1020.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Settlement Class members also seek the same relief, specifically, statutory damages under 15 U.S.C. § 1681n.  The Actions are based on conduct that is not unique to Plaintiffs, but on a course of conduct that is common to all Settlement Class members.[70]  Plaintiffs' claims, therefore, are typical of the class.

### (d) *Plaintiffs and their counsel will fairly and adequately represent the Class.*

The adequacy prerequisite permits class certification only if the "representative parties will fairly and adequately protect the interests of the class."[71]  This means that proposed class representatives and their counsel cannot have conflicts of interest with the class and must vigorously prosecute the action on behalf of the class.[72]  No conflicts of interest between Plaintiffs and Settlement Class members exist in this case.  Indeed, given the similarity of the claims asserted and remedies sought by Settlement Class members in this case, it is hard to imagine how there could be any conflicts.

Moreover, this case has been prosecuted with zeal and competence by Plaintiffs' Counsel. Nor can anyone dispute that Plaintiffs' counsel, who have substantial class action experience and experience litigating FACTA cases, can adequately represent the class.[73]  Accordingly, Plaintiffs and their Counsel have and will adequately represent the settlement Class.

### 2. FRCP 23(b)(3) requirements for class certification are satisfied.

Under Rule 23(b)(3), Plaintiffs must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating controversy."  This analysis "focuses on 'the relationship between the common and individual issues'" and "'whether proposed classes are

---

[70] Grover Decl. at ¶ 34.

[71] Fed. R. Civ. P. 23(a)(4).

[72] *Hanlon*, 150 F.3d at 1020.

[73] *See Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (adequacy established by mere fact that counsel were experienced practitioners).  Grover  Decl. at ¶¶ 2-4, 16, 35.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   sufficiently cohesive to warrant adjudication by representation.'"[74]   In other words, courts must

2   determine whether the focus of the proposed class action will be on the actions and conduct of the

3   defendants rather than the behavior of individual class members.[75]

4   ### (a) Common questions will predominate over individual ones.

5

6   Here, whether Desert Champions violated FACTA intentionally or recklessly (which

7   suffices for willfulness) is the central issue that will determine its liability to the Class. That

8   common issue and the associated common legal questions clearly predominate over any potential

    individualized issues.[76]

9   ### (b) A Class Action is the superior method of adjudication.

10

11  The class action procedure is a superior method of adjudication compared to a multitude

12  of individual suits.  To determine whether the superiority requirements of Rule 23(b)(3) are

13  satisfied, a court must compare a class action with alternative methods for adjudicating the parties'

14  claims.  Lack of a viable alternative to a class action necessarily means that a class action satisfies

15  the superiority requirement.  "[I]f a comparative evaluation of other procedures reveals no other

16  realistic possibilities, this [superiority] portion of Rule 23(b)(3) has been satisfied."[77]

17  In *Culinary/Bartender Trust Fund*, the Ninth Circuit held that a class action met the

18  superiority requirements of Rule 23(b)(3) where class members could recover, at most, damages in

19  the amount of $1,330.[78]   Here, class members can recover, at most, statutory damages in an

20  amount between $100 and $1,000 per violation.[79]   As in *Culinary/Bartender Trust Fund*, "this case

---

[74] *Wang v. Chinese Daily News*, 737 F.3d 538, 545 (9th Cir. 2013), quoting *Hanlon*, 150 F.3d at 1022 ; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

[75] *Hanlon*, 150 F.3d at 1022-23.

[76] Grover Decl. at ¶ 33.

[77] *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (citations omitted); *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").

[78] 244 F.3d at 1163.

[79] 15 U.S.C. § 1681n.

involves multiple claims for relatively small sums" and a class action clearly serves as the only method that would "permit the plaintiffs to pool claims which would be uneconomical to litigate individually."[80]  *Culinary/Bartender Trust Fund* clearly dictates that the superiority requirements of Rule 23(b)(3) are satisfied here.

Consideration of the factors listed in Rule 23(b)(3) bolsters this conclusion.  Ordinarily, these factors are (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.[81]  However, when a court reviews a class action settlement, the fourth factor does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems."[82]

Here, a class action device is preferable because the Settlement Class members do not have a strong interest in controlling their individual claims given that statutory damages are between $100 and $1,000.[83]  Indeed the individual prosecution of the claims, if it were to occur, would be identical to and duplicative of the class action litigation.  The use of the class action mechanism here also would efficiently resolve numerous identical claims at the same time while avoiding waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation.  Although manageability is not a concern in the settlement context,[84] Plaintiffs are unaware of any issues that would render unmanageable the adjudication of Plaintiffs'

---

[80] 244 F.3d at 1163, quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

[81] Fed. R. Civ. P. 23(b)(3)(A)-(D).

[82] *Amchem*, 521 U.S. at 620.

[83] 15 U.S.C § 1681n.

[84] *Amchem*, 521 U.S. at 593 ("Whether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial.").

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

class claims if the case were to proceed to trial.  Accordingly, the class action is the superior method for adjudication the claims in this action.

Moreover, the Parties have reached a Settlement. "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious."[85]  And although manageability is not a concern in the settlement context,[86] Plaintiffs are unaware of any issues that would render unmanageable the adjudication of Plaintiffs' class claims.  Accordingly, the class action is the superior method for adjudication the claims in this action.

### C.  The Settlement is fair, reasonable, and adequate.

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate."[87]  In exercising their sound discretion to approve settlements, courts regularly consider whether the settlement is fair, non-collusive, and "reflects all the normal perils of litigation as well as the additional uncertainties inherent in complex class action."[88]  Included in this analysis are considerations of  "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement."[89]

---

[85] *Elkins v. Equitable Life Ins. of Iowa*, No. CivA96–296–Civ–T–17B, 1998 WL 133741, at * 19 (M.D. Fla. Jan. 27, 1998); *see also*, *Strube v. Am. Equity Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (third and fourth Rule 23(b)(3) factors are "conceptually irrelevant in the context of settlement").

[86] *Amchem*, 521 U.S. at 620 ("Whether trial would present intractable management problems, see Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial.").

[87] Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

[88] *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 179-80 (5th Cir. 1979).

[89] *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004), citing *Hanlon*, 150 F.3d at 1026.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Importantly, there is a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining."[90]   There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."[91]

Applying these factors to this case, it is clear that the proposed settlement is fair, reasonable, and adequate.

### 1. The settlement amount is a fair compromise in light of the litigation risks and uncertainties.

The proposed settlement results in a meaningful monetary benefit to all Settlement Class members who do not opt out.  Based on an estimated 23,500 debit and credit card transactions during the Class Period and $371,750 estimated Net Settlement Sum, each Pro-Rata Share will have a value of approximately $15.82.[92] Settlement Class members who do not opt out will receive a payment equal to the Pro-Rata Share value multiplied by the number of debit and credit card transactions he or she made with Defendant during the Class Period.[93]

This monetary value of the proposed Settlement represents a fair compromise given the litigation risks and uncertainties presented by continued litigation.[94]  Although Defendant did not dispute that it in fact printed prohibited information on customer receipts, it emphatically denied that the violation was willful.  The Parties therefore faced complicated legal issues concerning the interpretation of FACTA and the requirements for a "willful" violation of FACTA.[95]

Absent settlement, Plaintiffs' Counsel anticipate a vigorous and lengthy challenge to both class certification and the merits of Plaintiffs' claims.[96]  While Plaintiffs' Counsel remain confident that Plaintiffs would prevail on the class claims herein, continued litigation would be

---

[90] *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. April 1, 2011).

[91] *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1101 (9th Cir. 2008).

[92] Ex. 1 at ¶ 23(a).

[93] Ex. 1 at ¶ 23(a).

[94] Grover Decl. at ¶¶ 27-29.

[95] Grover Decl. at ¶ 29.

[96] Grover Decl. at ¶¶ 16, 27, 29.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

costly, time consuming, and uncertain.  Plaintiffs still would have to litigate the *Andrade* appeal, class certification, and establish class-wide liability by proving the FACTA violations at issue were "willful."  Such efforts would likely take many months, and necessitate expert witness testimony, as well as other costs, risks, and potential delays.  Appellate proceedings in *Gamache* could further delay and jeopardize recovery.  By contrast, the Settlement ensures timely relief and substantial recovery that Plaintiffs contend are owed to the proposed Settlement Class.[97]

Moreover, it is well established that settlement offers that constitute only a fraction of the potential recovery do not preclude a court from finding that the settlement offer is fair.[98]  Accordingly, district courts have found that settlements for substantially less than the plaintiffs' claimed damages were fair and reasonable, especially when taking into account the uncertainties involved in litigation.[99]  Here, it is expected that the pro rata settlement payments for those Settlement Class members who file valid claims likely will be approximately 15% of the $100 per violation amount provided for by statute.[100]  The expected recovery amounts, in light of the litigation risks, uncertainties, and delays, are fair, reasonable, and adequate.[101]

### 2. Sufficient Informal Discovery Allowed Plaintiffs' Counsel to Calculate Class Damages and Make Informed Decisions Regarding Settlement

Extensive formal discovery is not essential to a class action settlement, however, counsel must be able to make informed decisions about the settlement.[102]  In these Actions, the Parties

---

[97] Grover Decl. at ¶¶ 16, 27-29.

[98] *See Hanlon*, 150 F.3d at 1027; *Officers of Justice*, 688 F.2d at 628.

[99] *See e.g., Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) *aff'd*, 331 F. App'x 452 (9th Cir. 2009).

[100] 15 U.S.C. § 1681n(a)(1)(A); Grover Decl. at ¶ 19.

[101] Grover Decl. at ¶¶ 16, 27-29.

[102] *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("[i]n the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement.") (internal quotations omitted); *Glass*, 2007 U.S. Dist. LEXIS 8476, at *14 (finding informal discovery exchanged prior to mediation sufficiently supported approval of wage and hour class settlement, despite lack of formal discovery).

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

exchanged informal information and discovery in preparation for mediation.[103]   The informal discovery included the number of credit and debit card purchases and transactions at issue during the Class Period and the number of individual customers who engaged in those transactions.[104]

The information exchanged through discovery permitted Plaintiffs to evaluate the strengths and weaknesses of the class claims, and negotiate a fair, reasonable, and adequate settlement.[105]

### 3. The Settlement was the product of informed, non-collusive, and arms-length negotiations between experienced counsel who jointly support the Settlement.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining.[106]   Here, the Settlement was a product of non-collusive, arm's-length negotiations.[107]   On October 27, 2015, the Parties participated in formal mediation with respected mediator and retired U.S. Magistrate Judge, the Hon. Edward A. Infante.[108]   In addition, the Parties are represented by skilled and experienced counsel who have extensive background litigating and

---

[103] Grover Decl. at ¶¶ 13, 26.

[104] Grover Decl. at ¶ 13.

[105] *See e.g., Glass,* 2007 U.S. Dist. LEXIS 8476, at *14; *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases").

[106] *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Wren*, 2011 WL 1230826, at *14 (finding that settlement reached after two mediation sessions before an experienced and retired judge was reached in a "procedurally sound manner and that it was not the result of collusion or bad faith by the parties or counsel"); *see also Satchell v. Fed. Exp. Corp.*, No. C 03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010) (citing *Satchell*). Furthermore, where counsel are well-qualified to represent the proposed class in a settlement based on their extensive class action experience and familiarity with the strengths and weakness of the action, courts find this factor to support a finding of fairness.  *Wren*, 2011 WL 1230826, at *10; *Carter*, 2010 WL 1946784, at *8 ("Counsel's opinion is accorded considerable weight.").

[107] Grover Decl. at ¶¶ 13, 26.

[108] *Id.*; Ex. 1 at ¶ 8.

---

MEMO. OF P&A ISO MOTION FOR PRELIM
APPROVAL OF CLASS SETTLEMENT

18

CASE NO:  4:15-CV-02112 EMC
CASE NO:  3:15-CV-01394 EMC

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

settling similar class actions.[109]   These factors support a finding that the Settlement is fair, reasonable, and adequate.

### 4. The proposed notice process is reasonable.

In order to protect the rights of absent class members, courts must ensure that the settlement class members receive the best notice practicable under the circumstances of the case.[110]   Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[111]

Apart from the manner of notice, Rule 23(c)(2)(B) also sets forth requirements regarding the content of the notice, which must concisely and clearly state in plain, easily understood language:  the nature of the action;  the definition of the class certified; the class claims, issues, or defenses;  that a class member may enter an appearance through counsel if the member so desires;  that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).  Although courts routinely approve class notices even when they provide only general information about a settlement,[112] the proposed notice plan here, including the long form Class Action Settlement Notice, attached as Exhibit A, to the Stipulation of Settlement, complies fully with Rule 23(c)(2)(B), and provide more than adequate notice about the Settlement.

---

[109] Grover Decl. at ¶ 2-4, 16.

[110] *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974).

[111] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

[112] *See e.g., Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" is sufficient).

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1   The proposed notice plan utilizes three methods to inform Settlement Class members

2   about the terms of the Settlement, how to object to the Settlement and how to request exclusion

3   from the Settlement.[113]   The Stipulation of Settlement provides that the Settlement Administrator

4   will provide notice of the Settlement by mail to Settlement Class members for whom Defendant

5   has mailing addresses, which it estimates to be 95% of the individual customers who made credit

6   or debit card purchases during the Class Period, as well as any of the remaining 5% for whom the

7   Settlement Administrator is able to locate mailing addresses.[114]   The Settlement Administrator will

8   also provide notice of the Settlement by email to those Settlement Class members for whom

9   Defendant has email addresses.[115]

10   In addition, a Settlement Website will be published on the internet that, among other

11   things, will summarize the settlement terms, provide contact information so that Settlement Class

12   members may reach the Settlement Administrator and Class counsel, and include downloadable

13   versions the Class Action Settlement Notice and an Opt Out form, along with other relevant

14   documents.[116]

15   The notice methods will inform Settlement Class members of the date and location of the

16   final approval hearing.[117]   The notice methods explain that Settlement Class members do not need

17   to file a claim form to participate in the Settlement, the process and effect of requesting exclusion

18   from the Settlement, and the process by which Settlement Class members may object to the

19   Settlement by submitting a written objection with the Court, plus the applicable deadline(s) for

20   each of those options.   The notice methods provide the Settlement Class members with

21   information on how to access the Opt Out Form.[118]   Accordingly, the proposed notice procedure

22

23

24   [113] Ex. 1 at ¶ 25.

25   [114] Ex. 1 at ¶ 25(a).

    [115] *Id.*

26   [116] Ex. 1 at ¶ 25(b), Stipulation of Settlement Exs. A, B and C.

27   [117] Ex. 1 at ¶ 25,  Stipulation of Settlement Ex. A.

    [118] *Id.*, Stipulation of Settlement Ex. C (the Opt Out Form).

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

and accompanying forms comply with the standards of fairness, completeness, and neutrality required of a settlement notice disseminated under authority of the Court.[119]

In addition, the proposed notice procedures in the Stipulation of Settlement ensure the best calculated dissemination of the class notice so that Settlement Class members are alerted to the terms of the Settlement and provided with the opportunity to respond to it.   The Stipulation of Settlement provides a fair notice procedure that includes (1) U.S. mail notification, (2) email notification, and (3) a settlement website.[120]   Defendant has the name of each Settlement Class member and estimates that it has in its records the mailing address of approximately 95% of the Settlement Class.  Defendant will provide that information and any email addresses it has to the Settlement Administrator if the Court approves the notice plan.  The Settlement Administrator will attempt to locate mailing and/or email addresses for the remaining 5% of Settlement Class members.  Adding the publication of the Settlement Website to the mail and email notice efforts, the multifaceted procedure proposed here will maximize the number of Settlement Class members who will receive the Class Action Settlement Notice.[121]

### 5. Plaintiffs will submit a separate application for the requested attorneys' fees, costs, and expenses.

Pursuant to the Stipulation of Settlement, Plaintiffs' Counsel may seek up to $143,750 in fees in addition to reimbursement of their actual costs incurred in litigating the Actions, estimated not to be more than $10,000.[122]   Plaintiffs' Counsel will file a motion for reasonable attorneys' fees, costs, and expenses at least 14 days prior to the opt-out/objection deadline so that Settlement Class members will have an opportunity to inspect Plaintiffs' Counsel's fee application prior to the deadline for submitting objections or requests for exclusion.[123]   At this point, Plaintiffs do not seek

---

[119] *See* Ex. 1 at ¶ 25, Stipulation of Settlement, Ex. A, B and C.
[120] Ex. 1 at ¶ 25.
[121] Ex. 1 at ¶¶ 6.1-6.8.
[122] Ex. 1 at ¶ 26.
[123] Grover Decl. at ¶ 41.

approval of the fees/costs provision, but only ask that the Court include the maximum potential fee request so that the Settlement Class can be informed of the provision.

### 6. The Settlement provides reasonable service awards for the Class Representatives.

Named plaintiffs in class action litigation are eligible for reasonable service or enhancement awards.[124] Enhancement awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."[125]

The approval of service awards falls squarely within the discretion of the Court.[126] In exercising that discretion, district courts are "to scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives."[127] Within the Northern District, an incentive award in the range of $5,000 is considered "presumptively reasonable."[128] The service award payments requested in this case are right at that "presumptively reasonable" mark and fairly reflect Class Representatives' efforts in the action.[129]

Plaintiffs' proposed enhancements also will be the subject of the separate fees and costs motion that will be filed at least one week prior to the opt-out/objection deadline.

---

[124] *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases."); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

[125] *Rodriguez*, 563 F.3d at 958-59.

[126] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463; *Van Vranken*, 901 F. Supp. at 299.

[127] *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

[128] *See Burden v. Selectquote Ins. Servs.*, No. C10-5966 LB, 2013 U.S. Dist. LEXIS 109110, at *17-19 (N.D. Cal. Aug. 2, 2013) (approving $5,000 incentive award) (citing *Jacobs v. California State Auto Ass'n Inter-Ins. Bureau*, No. C 07-00362 MHP, 2009 WL 3562871, at *5 (N.D. Cal. Oct. 27, 2009).

[129] *See* Ex. 1 at ¶ 27.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

### D.     A final approval hearing should be scheduled.

Once a class action settlement is preliminarily approved, the court may schedule a final fairness hearing "at which arguments and evidence may be presented in support of and in opposition to the settlement."[130] The following schedule sets forth a proposed sequence for the relevant dates and deadlines culminating in a final fairness hearing, assuming that the Court preliminarily approves the Settlement.

| DEADLINE | ACTION |
|---|---|
| No more than 30 calendar days after Court grants preliminary approval. | Defendant provides known names, mailing addresses and email addresses to Settlement Administrator. Ex. 1 at ¶ 25(a). |
| No more than 30 calendar days after receiving email addresses from Defendant. | Settlement Administrator mails and emails the Class Action Settlement Notice to potential Settlement Class members. Ex. 1 at ¶ 25(a). |
| No more than 30 calendar days after Court grants preliminary approval. | Settlement Administrator publishes Settlement Website on the internet. Ex. 1 at ¶ 25(b). |
| At least 14 days prior to the Opt Out deadline. | Class Counsel shall file a motion seeking approval of attorneys' fees and costs, the proposed enhancement awards for the Class Representatives, and approving payment to the Settlement Administrator. |
| 60 calendar days from the date on which the Settlement Administrator initially mails the Class Action Settlement Notice. | Settlement Class members must postmark requests to be excluded (Opt Out Forms) from the settlement. Ex. 1 at ¶ 28. |
| 60 calendar days from the date on which the Settlement Administrator initially mails the Class Action Settlement Notice. | Class Members must submit a written objection and a notice of intention to appear at the Final Approval Hearing. Ex. 1 at ¶ 29. |
| 21 days prior to Final Approval Hearing. | Plaintiffs will move for an order granting final approval of the class settlement. |
| TBD by Court and at least 160 after preliminary approval order issues to allow for actions described above. | Final Approval Hearing. |

---

[130] *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002); *see* 4 Newberg on Class Actions § 11:25 (4th ed. 2012).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1   **V.      CONCLUSION**

2         For the foregoing reasons, Plaintiffs respectfully request that the Court (1) consolidate the

3   above-referenced actions for purposes of approving the Stipulation of Settlement; (2) preliminarily

4   approve the Settlement; (3) conditionally certify the proposed Settlement Class; (4) appoint

5   Plaintiffs and their Counsel as Class Representatives and Class Counsel, respectively; (5) approve

6   Phoenix Settlement Administrators as the Settlement Administrator; (6) approve the proposed

7   notice plan; and (7) schedule a fairness hearing for final approval of the Settlement.

8

9    Dated:  January 4, 2016                    **KELLER GROVER LLP**

10

11                                    By:   */s/ Eric A. Grover*
                                           _____
12                                           ERIC A. GROVER

13                                    *Counsel for Plaintiffs*
                                      HILARY K. GAMACHE and MICHELE ANDRADE
14                                    the proposed Class

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861