| | |
|---|---|
| ERIC A. GROVER (SBN 136080) | |
| eagrover@kellergrover.com | |
| ROBERT W. SPENCER (SBN 238491) | |
| rspencer@kellergrover.com | |
| **KELLER GROVER LLP** | |
| 1965 Market Street | |
| San Francisco, California 94103 | |
| Telephone: (415) 543-1305 | |
| Facsimile: (415) 543-7861 | |

Attorneys for Plaintiff
HILARY GAMACHE and MICHELE ANDRADE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARY GAMACHE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DESERT CHAMPIONS LLC,<br><br>Defendant.<br><br>────────────────<br><br>MICHELE ANDRADE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DESERT CHAMPIONS LLC,<br><br>Defendant. | Case No: 4:15-cv-02112 EMC<br>Case No: 3:15-cv-01394-EMC<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ERIC A. GROVER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date: February 11, 2016<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen<br><br>*Gamache* Complaint filed: May 11, 2015<br>*Andrade* Complaint filed: March 26, 2015 |

I, ERIC A. GROVER, declare as follows:

1. I am an attorney duly admitted to the practice of law in the State of California and before this Court. I am a partner in the law firm Keller Grover LLP, counsel for Plaintiffs Hilary K. Gamache and Michele Andrade ("Plaintiffs") and proposed Class Counsel in these actions. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

**Class Counsel's Experience:**

2. Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C. Littler is the largest law firm in the United States specializing in labor and employment law. During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense. I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

3. In the time I worked at Littler, I worked on many class action matters. The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

   a. *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms);

   b. *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claim);

   c. *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties);

   d. *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification);

   e. *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties);

   f. *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties);

   g. *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties);

   h. *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments);

      i.    *Tiffany, et al. v. Hometown Buffet* (San Francisco County) (Manager misclassification);

      j.    *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification);

      k.    *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification);

      l.    *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status); and

      m.    *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification).

4.    Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP. At Keller Grover, approximately 95% of my time is spent representing plaintiffs in employment, privacy and data breach class action matters. I am currently lead counsel or co-lead counsel on more than 15 different class actions. I have been named Class Counsel in numerous recent wage and hour, privacy and data breach class action matters, including:

- *Watson v. Ann Taylor Stores Corp.*, Los Angeles County Case No. BC342729;
- *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG 05-223254;
- *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);
- *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;
- *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;
- *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);
- *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);
- *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;
- *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

GROVER DECLARATION ISO MOTION FOR PRELIMINARY APPROVAL - 2 - CASE NO.: 4:15-cv-02112-EMC
CASE NO.: 3:15-cv-01394 EMC

- *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;
- *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC347513;
- *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG 05-237683;
- *Fleming v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California Case No. Case No. C 06-cv-03409 MJJ;
- *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;
- *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;
- *Ford v. Pilot Travel Centers LLC*, United States District Court, Northern District of California Case No. C-07-cv-02715 TEH;
- *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, United States District Court, Eastern District of California Case No. EDCV 07-00695 SGL (JCRx);
- *Brior v. AE Retail West LLC*, San Francisco County Case No. CGC 06-455422;
- *Moore v. Genesco, Inc. et al.*, Alameda County Case No. RG 06-270570;
- *Stermer v. Ulta Salon, Cosmetics & Fragrance, Inc.*, San Francisco County Case No. CGC 08-427014;
- *Lauzon v. Club Monaco U.S., LLC, Polo Retail, LLC, and Polo Ralph Lauren Corporation*, San Francisco County Case No. CGC 06-449963;
- *Davenport v. Union Bank of California, N.A. and Unionbanc Investment Services LLC*, United States District Court, Central District of California Case No. 2:07-cv-00001 FMC (VBKx);
- *Jacobs v. Les Schwab Tire Centers of California, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-478372;
- *Daniel Arias v. Praxair Distribution, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-474506;
- *Flores, et al. v. Zale Delaware, Inc.*, United States District Court, Northern District of California Case No. 07-cv-00539 TEH;
- *Payan et al. v. MetroPCS, Inc.*, San Francisco County Case No. CGC 08-476703;
- *Njoku v. Ecko Direct, LLC*, San Francisco County Case No. CGC 07-469480;
- *Wiggins v. Cingular Wireless Employee Services, LLC*, San Francisco County Case No. CGC 08-477763;
- *Lee v. Marshalls of CA LLC*, Alameda County Case No. RG 07-337021;
- *Flores v. Cintas Corporation No. 2, Inc.*, Los Angeles County Case No. BC400422;

- *Drew v. HCR Manor Care Medical Services of Florida, LLC, et al.*, San Francisco County Case No. CGC 09-490181; and
- *Ireland, et al. v. National Distribution Centers, L.P., et al.*, San Francisco County Case No. CGC 09-493709;
- *Lim-Hui v. Carter's Retail, Inc.*, San Francisco County Case No: CGC 09-484456;
- *Sefton v. OshKosh B'Gosh, Inc.*, San Francisco County Case No. CGC 09-484496;
- *Murphy v. Check n' Go of California, Inc.*, San Francisco County Case No. CGC 06-449394;
- *Wireless Advocates Wage and Hour Cases* (Coordinated Proceedings of *Turner, et al v. Wireless Advocates LLC*, *Reyna, et al. v. Wireless Advocates LLC* and *Burk v. Wireless Advocates LLC*), Los Angeles County Case No. JCCP 4600;
- *Matrix Service Wage and Hour Cases* (Coordinated Proceeding of *Hickman v. Matrix Service, Inc.* and *Alexander, et al. v. Matrix Service Company, et al.*), Alameda County Case No. JCCP 4610;
- *Sullivan v. Kelly Services, Inc.,* United States District Court, Northern District of California Case No. 08-cv-3893 CW;
- *Strickland, et al. v. Timec Company, Inc., et al.*, San Francisco County Case No. CGC 10-501832;
- *Davis and Duke v. Plant Performance Services LLC, et al.,* Alameda County Case No. RG 10-501301;
- *Jordan v. Directory Distributing Associates, Inc.,* San Francisco County Case No. CGC 10-500633;
- *Martin v. Total Safety U.S., Inc.,* Alameda County Case No. RG 10-533750;
- *Placer Title Company Wage and Hour Cases* (Coordinated Proceedings of *Shults v. Placer Title Co.* and *Nazeri v. Placer Title Co.*), Sacramento County Case No. JCCP 4567;
- *Martin, et al. v. Starcon International, Inc.,* Contra Costa County Superior Court Case No. MSC10-01071;
- *Meyer v. Irwin Industries, Inc.,* ADRS Case No. 11-3844-RAH;
- *Lazarin, et al. v. Total Western, Inc.,* JAMS Case No. 1100067385;
- *Potter v. Zale Delaware, Inc.,* Alameda County Superior Court Case No. RG 10-548469;
- *Canales, et al. v. Electrical & Instrumentation Unlimited of California, Inc.*, Kern County Superior Court Case. No. S-1500-CV-271947 WDP;
- *Schechter and Porter v. ISYS Solutions, Inc.,* Alameda County Superior Court Case No. RG 10-550517;

- *Gomez v. Pizza Hut of Southeast Kansas, Inc.*, San Bernardino County Superior Court Case No. CIVVS900679;

- *Hernandez v. Bodell Construction* Company, Alameda County Superior Court Case No. RG12-624600;

- *Gilliam v. Matrix Energy Services, Inc.*, Alameda County Superior Court Case No. RG11-592345;

- *Tate v. Wyatt Field Services Co.*, Alameda County Superior Court Case No. RG 10-522846;

- *Sirbu v. Cal Finder Group, Inc.*, Alameda County Superior Case No. RG12-2625290;

- *Vasquez v. Turnaround Welding Services, LLC*, Contra Costa County Superior Court Case No. MSC12-00340;

- *Becerra, et al. v. RadioShack Corporation*, United States District Court, Northern District of California ND Case No. C-11-cv-03586 YGR;

- *Betten and Lafa v. Diamond Wireless, LLC*, United States District Court, Central District of California Case No. 2:13-cv-02885 CBM;

- *Martin v. AltairStrickland LLC*, Alameda County Superior Court Case No. RG11 575618;

- *Miller v. Southwest Airlines Co.*, United States District Court, Northern District of California Case No. C-12-cv-5978-CRB;

- *Nguyen v. Equilon Enterprises LLC*, United States District Court, Northern District of California Case No. 4:12-cv-04650-YGR;

- *Oregel v. PacPizza, LLC*, Contra Costa County Superior Court Case No. MSC12-01454;

- *Torres, et al. v. San Joaquin Community Hospital*, JAMS Case No. 1220043288;

- *Hulsey v. San Joaquin Community Hospital*, JAMS Case No. 1210030884;

- *DeLeon, et al. v. NCR Corp.*, San Bernardino County Superior Court Case No. CIVDS1403274;

- *Springer, et al. v. Stanford Hospital and Clinics, et al.*, Los Angeles County Superior Court Case No. BC470522;

- *Ginn, et al. v. Certified Safety, Specialists LLC et al.*, Contra Costa County Superior Court Case No. C11-0969;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

GROVER DECLARATION ISO MOTION FOR PRELIMINARY APPROVAL — - 5 - — CASE NO.: 4:15-cv-02112-EMC   CASE NO.: 3:15-cv-01394 EMC

- *Clothier v. SPAR Marketing Services, Inc.*, Alameda County Superior Court Case No. RG12-639317;
- *St. Joseph Health System Medical Information Cases*, Orange County Superior Court JCCP Case No. 4716;
- *Everhart and Everhart v. Advantage Sales & Marketing, LLC*, Alameda County Superior Court Case No. RG14-712100;
- *Johnson and Storey v. Mobility Plus Transportation LLC, et al.*, San Francisco County Superior Court Case No. CGC-13-532872;
- *Tripp, et al. v. Crossmark, Inc., et al.*, United States District Court, Northern District of California Case No. 3:13-cv-03480-WHO;
- *Miller v. Hitachi America, Ltd.*, San Mateo County Superior Court Case No. CIV 526430;
- *Wheelock v. Hyundai Motor America*, Orange County Superior Court Case No. 30-2011-00522293-CU-BT-CJC;
- *Saunders v. Stubhub, Inc.*, San Francisco Superior Court Case No. CGC-12-517707; and
- *McCabe v. Six Continents Hotels, Inc.,* United States District Court, Northern District of California Case No. 3:12-cv-04818-NC.

**Factual and Procedural Background:**

5. A true and correct copy of the Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement") executed by Plaintiffs and Defendant Desert Champions LLC ("Defendant") is attached hereto as **Exhibit 1**.

6. On March 26, 2015, Plaintiff Michele Andrade brought a putative class action against Defendant (the "*Andrade* Action"), captioned *Andrade v. Desert Champions LLC*, in the United States District Court for the Northern District of California, where it was assigned Case No. 3:15-cv-01394-EMC. (Andrade Dkt. 1.)

7. On May 11, 2015, Plaintiff Hilary K. Gamache brought a putative action (the "*Gamache* Action") captioned *Gamache v. Desert Champions LLC,* United States District Court for the Northern District of California Case No. 4:15-cv-02112-EMC, against Defendant. Plaintiff Gamache filed the First Amended Complaint on August 18, 2015. (Gamache Dkt. 25.)

8. On May 18, 2015, the Court ordered the *Andrade* and *Gamache* Actions related. (Andrade Dkt. 24 and Gamache Dkt. 6.) The *Andrade* and *Gamache* Actions are referred to collectively as the "Actions."

9. In the Actions, Plaintiffs allege that, on and after March 26, 2013 through as late as April 17, 2015, Defendant processed credit and debit card transactions in connection with telephone and internet orders and at its box office locations at Indian Wells, California and provided consumers with electronically printed receipts which displayed the first number of the card and did not mask the credit and debit card expiration dates. Plaintiffs seek statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681n based on allegations that Defendant willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements.

10. On April 23, 2015, Defendant brought a motion to dismiss the *Andrade* Complaint based on the theory that FACTA's prohibitions do not apply to receipts that are mailed to consumers by a defendant business. In an order dated July 9, 2015, the Court dismissed the Andrade Complaint. (Andrade Dkt. 30.) Plaintiffs filed a notice of appeal of that order on July 20, 2015. (Andrade Dkt. 32.) On December 28, 2015, the Ninth Circuit dismissed the *Andrade* appeal without prejudice to its reinstatement for the purpose of allowing the Court to review this settlement, which resolves the claims alleged in the *Andrade* Complaint. *See* **Exhibit 2**.

11. On June 18, 2015, Defendant brought motions to dismiss and strike the *Gamache* Complaint. In an order dated August 17, 2015, the Court denied both motions and granted Plaintiff Gamache leave to file an amended complaint, which she did on August 18, 2015. (Gamache Dkts. 24 and 25.) Defendant filed an answer to the First Amended Complaint in the *Gamache* Action on September 3, 2015. (Gamache Dkt. 26.)

12. Defendant has denied all of the allegations in their entirety. To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the Actions

13. In an effort to avoid protracted and costly litigation, the Parties began discussing the possibility of settlement and exchanged informal discovery that enabled the Parties to engage in informed, arms'-length negotiations of possible settlement alternatives. The informal discovery included the number of credit and debit card purchases and transactions at issue during

1  the Class Period and the number of individual customers who engaged in those transactions. On
2  October 27, 2015, the Parties mediated the Actions with respected mediator and retired United
3  States Magistrate Judge, the Hon. Edward A. Infante, reaching a settlement of the Actions
4  subject to the Court's approval. The Parties entered into a more detailed, formalized Stipulation
5  of Settlement to submit to the Court for preliminary and final approval.  All of the terms of the
6  Settlement are set forth in the Stipulation of Settlement. *See* **Exhibit 1**.

**The Proposed Settlement Class:**

14.  The Stipulation of Settlement defines the Settlement Class as all consumers who engaged in debit or credit card transactions with Defendant over the internet, by telephone, or in-person at one of its Indian Wells, California box office locations between March 26, 2013 and April 17, 2015, inclusive (the "Settlement Class").

15.  The Settlement Class includes Plaintiffs, but does not include Plaintiffs' Counsel, Defendant's employees, the Court or its staff.  The "Class Period" is defined as the period March 26, 2013 through April 17, 2015, inclusive.  The members of the Class are referred to herein as "Settlement Class members."

**Class Counsel's Assessment of the Fairness of the Settlement:**

16.  As will be explained in more detail below, based on my years of experience and my own independent investigation and evaluation, I am of the opinion that settlement for the consideration and on the terms set forth in the Stipulation of Settlement is fair, reasonable, and adequate and it is in the best interests of the Settlement Class in light of all known facts and circumstances and the expenses and risks inherent in litigation.  Were the class not certified, most Settlement Class members would likely not make any individual claims.  Moreover, I am familiar with many class certification orders and class action settlements involving FACTA and have a strong understanding of the trends in both the likelihood of certification and the value of settlements.  I have also personally settled multiple class action cases involving FACTA claims.  Based on that knowledge, I am of the opinion the settlement is fair, reasonable and adequate and is in the best interests of the Settlement Class members.

17.     The settlement is a good compromise for the damages of absent Settlement Class members.  The settlement provides that Defendant will pay a total settlement amount of $575,000, which is referred to as the Settlement Fund, to resolve the claims covered by the settlement.  After subtracting out the administration costs, Class Counsels' fees and costs, and the Class Representatives' service awards, the Net Settlement Sum is expected to be approximately $371,750.

18.     The Stipulation of Settlement provides that all of the Net Settlement Sum must be paid to Settlement Class members and no part of the Settlement Fund will revert to Defendant.

19.     The Stipulation of Settlement provides that each Settlement Class member who does not opt out of the settlement ("Eligible Settlement Class member") will receive a settlement payment equal to a pro rata share of the Net Settlement Sum multiplied by the number of credit and debit card transactions he or she engaged in during the Class Period.  Based on an estimated 23,500 credit and debit card transactions during the Class Period and $371,750 estimated Net Settlement Sum, each Pro-Rata Share will have a value of approximately $15.82.

20.     The Stipulation of Settlement sets forth a narrow release of Settlement Class members' claims.  Settlement Class members release only the claims included in the two Actions.  Upon final approval of the Stipulation of Settlement, the Parties will seek dismissal of the entire case with prejudice and final judgment on all of the released claims.

21.     The settlement provides all Settlement Class members with the opportunity to request exclusion from the settlement or object to the settlement terms.  All Settlement Class members will have 60 days from the date the Class Action Settlement Notice is mailed to opt out of or file an objection to the settlement.

22.     The settlement also provides the named Plaintiffs with reasonable enhancements for the risks, time and effort they expended in coming forward to provide invaluable information in support of the claims alleged in the complaints.

23.     The Stipulation of Settlement also provides a fair notice procedure that ensures the highest number of Settlement Class members will receive the Class Action Settlement Notice.

1  The proposed Class Action Settlement Notice, which is attached to the Stipulation of Settlement
2  as Exhibit A, explains in plain language the nature of the lawsuit, terms of the settlement,
3  Settlement Class members' rights, and the steps necessary to request exclusion from or object to
4  the settlement.

5        24.    If the Court approves the notice plan, the Settlement Administrator will mail and
6  email the Class Action Settlement Notice to Settlement Class members.[1]  Defendant estimates
7  that it has the names for all 100% of the Settlement Class and mailing addresses and/or email
8  addresses for approximately 95% of the Settlement Class members.  The Settlement
9  Administrator will attempt to locate mailing and/or email addresses for the remaining 5% of the
10 Settlement Class.

11       25.    The Settlement Administrator also will publish the Class Action Settlement Notice
12 and other information on a settlement website at the URL
13 www.DesertChampionsFACTASettlement.com (or a similar name if that one is not
14 available), along with downloadable versions of the Stipulation of Settlement, Class Action
15 Settlement Notice, Opt-Out Form and other relevant documents.

16       26.    My firm conducted an investigation of the factual allegations involved in this case.
17 We also reviewed relevant data that Defendant produced in informal discovery.  As part of the
18 settlement negotiations, we engaged in meaningful, arms'-length discussions with Defendant's
19 counsel.

20       27.    I am of the opinion that the settlement for each Settlement Class member is fair,
21 reasonable, and adequate, given the inherent risk of litigation, the risk relative to class
22 certification, the amount that each Settlement Class member could recover at trial, and the costs
23 of pursuing such litigation. The settlement is the result of extensive, arms'-length negotiations.

---

[1] The Parties propose that Phoenix Settlement Administrators act as the Settlement Administrator. Attached hereto as **Exhibit 3** is the Declaration of Michael Moore of Phoenix Settlement Administrators setting forth class action administration experience of Mr. Moore and Phoenix Settlement Administrators.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

28. The following is an explanation of the "best case" scenario for recovery for the Settlement Class members in this case based on the assumptions below that were derived from the information provided by Plaintiffs, putative class members and Defendant:

**Assumptions Used:**

- There are approximately 17,497 Settlement Class members.
- There were approximately 23,500 credit and debit card transactions between consumers and Defendant during the Class Period.  Of that number, 7,579 were box-office transactions and the remaining 15,921 were telephone and internet transactions.

**"Best-Case Scenario" Damage Calculations Based on Assumptions:**

- Based on a $100 per FACTA violation, the "best-case" damage scenario is $23,500,000 *if* Plaintiff Andrade were to prevail on her appeal as to the telephone and internet sales *and* Plaintiffs could prove that Defendants violation of FACTA was "willful."
- If the *Andrade* appeal were to fail and Plaintiff Gamache could prove the box office FACTA violations were "willful" within the meaning of FACTA, the "best-case" damage scenario is $757,900.

29. As noted above, fairness of the settlement is demonstrated by the uncertainty and risks to the Plaintiffs involved in not prevailing on the *Andrade* appeal, non-certification and failure to prove the FACTA violations were "willful" within the meaning of the statute. Defendant adamantly disputes Plaintiffs' ability to certify either class and prove that Defendant is liable to the Settlement Class members under FACTA. Defendant argues that Plaintiff cannot prove that Defendant willfully violated FACTA when providing the non-compliant receipts to customers.  Defendant also argues that FACTA does not apply at all to receipts that are mailed to customers rather than handed to them in person.  While Plaintiffs and their Counsel disagree and believe that the claims can be successfully proved on a class basis, Plaintiffs recognize that there is a risk that the Court may deny class certification or, following certification, the trier of fact may subsequently find that the FACTA violations at issue were not willful.  Were the class not certified, it is unlikely that any additional putative Settlement Class members would maintain

individual actions against Defendant given the small individual recoveries at stake. Moreover, Plaintiffs also recognize the risk that the Ninth Circuit may disagree with their interpretation that FACTA's requirements apply to all electronically printed receipts, including those that are mailed to customers.

**Suitability of the Settlement Class for certification**

30. To date, no class has been certified. The Stipulation of Settlement reached among the Parties provides that they are stipulating to the Court's provisional certification of the Settlement Class, but do so for purposes of this settlement only.

31. As one of the proposed Class Counsel, I am confident that Plaintiffs could successfully prove that this action meets the requirements of class certification; however, I understand that Defendant's counsel disagrees.

32. The proposed settlement Class is clearly ascertainable as the members from the Class are identifiable from Defendant's records. Further, the size of the proposed Class is sufficiently numerous to warrant certification. According to Defendant's records, the Settlement Class is comprised of over 17,000 individual consumers.

33. The proposed Settlement Class members' claims all stem from a common set of circumstances. Members of Settlement Class received identical receipts from Defendant and were subject to its alleged receipt printing policy and practice. Whether those policies and practices were lawful are common questions of fact and law that would predominate over any individual issues that might arise. All members of the Settlement Class seek the same legal remedies under the same federal law. Under these circumstances, the requirements that common questions of law and/or fact exist among the Settlement Class members and will predominate over individual questions are satisfied for purposes of certifying the proposed Class for settlement.

34. Plaintiffs' claims are typical of those of the proposed Settlement Class. Like the Settlement Class members, Plaintiffs made purchases from Defendant using their debit or credit

1  cards and received printed receipts from Defendant. Plaintiff allegedly incurred the same
2  damage and seek the same remedy that the other putative Settlement Class members seek.

3      35. Plaintiffs also have demonstrated that they will aggressively and competently
4  assert the interests of the Settlement Class members. Plaintiffs have retained competent counsel
5  who are experienced in litigating class action claims in the FACTA context.

**Named Plaintiffs' Service Awards:**

    36. It is appropriate to recognize the contributions of the Named Plaintiffs in prosecuting this litigation. I am of the opinion that it is fair and reasonable that Plaintiffs Gamache and Andrade each receive a $5,000 service award payment. The Named Plaintiffs are the proposed Class Representatives for the Settlement Class and have actively and aggressively represented the proposed class throughout this litigation. The Named Plaintiffs were essential elements in the successful prosecution and settlement of this case and were always available to provide their input on the litigation, gather evidence and other information that proved critical to the prosecution of the Actions.

    37. The service award payments are fair given the amount of time and effort the Named Plaintiffs spent on assisting in the prosecution of this case and the personal hardship and pressure faced as a result of filing this lawsuit.

    38. The Named Plaintiffs will provide declarations outlining their efforts on behalf of the Settlement Class as part of the final approval process.

**Residual Funds:**

    39. The Stipulation of Settlement provides that settlement checks mailed out to participating Settlement Class members shall be valid for 90 days from the date of issuance. At the end of the 90 day period, if the total amount of uncashed checks divided by the number of Eligible Settlement Class members who cashed their Settlement Check is greater than $5.00, there will be a second round of Settlement Checks mailed to those Eligible Settlement Class members who cashed their original Settlement Check. If the total amount of uncashed original Settlement Checks is less than $5.00 per Eligible Settlement Class member who cashed their

1  original Settlement Check, then there will be no issuance of any second Settlement Checks and
2  the total amount of the uncashed Settlement Checks will be paid to the designated cy pres
3  beneficiary, Consumer Federation of California, subject to the Court's approval. If there is a
4  second round of Settlement Checks issued, after expiration of the 90 day check cashing period,
5  the Stipulation of Settlement provides that the total amount of any uncashed Settlement Checks
6  shall be distributed to Consumer Federation of California.

7  40.  Consumer Federation of California is a non-profit organization that provides
8  legislative advocacy to protect consumers' rights, including financial privacy rights.[2] Because
9  the Actions involve a putative class of consumers who allege FACTA violations based on the
10 printing of too much credit and debit card information, the organization is aligned with the
11 purpose of the lawsuit and provide indirect benefits to the Settlement Class members. None of
12 the Parties or their counsel has any financial, personal, employment or other connection to
13 Consumer Federation of California.

14 **Attorneys' Fees and Costs:**

15 41.  Class Counsel will request a fee award of up to 25% of the Settlement Fund, or
16 $143,750, and actual of-of-pocket costs, which are estimated not to exceed $10,000. Class
17 Counsel will provide timekeeping information and timekeeper hourly rates as part of the motion
18 for fees and costs, which Plaintiffs will file at least 14 days prior to the opt-out/objection
19 deadline.

20 I declare, under penalty of perjury, under the laws of the United States and the State of
21 California, that the foregoing is true and correct. Executed this  4 th day of January 2016, at San
22 Francisco, California.

/s/ *Eric A. Grover*
ERIC A. GROVER

---

[2] More information can be found at http://consumercal.org.