EXHIBIT 1

1   Eric A. Grover, Esq. (SBN 136080)          Lawrence E. Butler, Esq. (SBN 111043)
2   eagrover@kellergrover.com                  lbutler@seyfarth.com
    KELLER GROVER LLP                          Patty H. Lee, Esq. (SBN 245192)
3   1965 Market Street                         plee@seyfarth.com
    San Francisco, California 94103            SEYFARTH SHAW LLP
4   Tel. (415) 543-1305; Fax: (415) 543-7861   560 Mission Street, 31st Floor
                                               San Francisco, California 94105
5   Attorneys for Plaintiffs                   Tel. (415) 397-2823; Fax: (415) 397-8549
    HILARY K. GAMACHE and MICHELE
6   ANDRADE                                    Attorneys for Defendant
                                               DESERT CHAMPIONS LLC
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  HILARY K. GAMACHE, individually and on       Case No:   4:15-cv-02112-EMC
14  behalf of all similarly situated individuals,
                                                  Case No:   3:15-cv-01394-EMC
15                      Plaintiffs,               **CLASS ACTION**
16          v.
17  DESERT CHAMPIONS LLC,                         **STIPULATION OF SETTLEMENT AND
18                          Defendant.            RELEASE BETWEEN PLAINTIFFS
                                                  AND DEFENDANT**
19

20

21  MICHELE ANDRADE, individually and on
    behalf
22  of a class of similarly situated individuals,

23                      Plaintiffs,

24          v.

25  DESERT CHAMPIONS LLC,

26                      Defendant.

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

This Stipulation of Settlement and Release Between Plaintiffs and Defendants ("Stipulation" or "Stipulation of Settlement" or "Agreement") is made and entered into by and between Plaintiffs HILARY K. GAMACHE and MICHELE ANDRADE on behalf of the class of plaintiffs defined below ("Plaintiffs"), and Defendant DESERT CHAMPIONS LLC (hereinafter "Desert Champions" or "Defendant").   Plaintiffs and Defendant are hereinafter collectively referred to as "the Parties."  The settlement provided for in this Stipulation is subject to the terms and conditions set forth in this Stipulation and the approval of the Court.  All capitalized terms used in this Agreement shall have the meaning defined herein.

## RECITALS

1.      On March 26, 2015, Plaintiff MICHELE ANDRADE ("Andrade") commenced an action by filing a proposed class action complaint ("Andrade Complaint") captioned *Andrade v. Desert Champions LLC* in the United States District Court for the Northern District of California, where it was assigned Case No. 3:15-cv-01394-EMC.  The Andrade Complaint alleges, *inter alia,* that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), in particular 15 U.S.C. § 1681c(g), by printing the first digit of the credit and debit card number and the credit and debit card expiration date on electronically printed receipts provided to card holders.

2.      On May 11, 2015, Plaintiff HILARY K. GAMACHE ("Gamache") commenced an action by filing a proposed class action complaint captioned *Gamache v. Desert Champions LLC,* United States District Court for the Northern District of California Case No. 4:15-cv-02112-EMC, against Defendant which alleges, *inter alia,* that Defendant violated FACTA, in particular 15 U.S.C. § 1681c(g), by printing the first digit of the credit and debit card number and the credit and debit card expiration date on electronically printed receipts provided to card holders.  Plaintiff Gamache filed a First Amended Complaint on August 18, 2015 ("Gamache Complaint").

3.      FACTA prohibits merchants that accept credit and debit cards from printing more than the last five digits of a card number or the expiration date upon any receipt provided to the cardholder "at the point of sale or transaction."  FACTA's prohibition became effective as of January 1, 2005 with respect to point-of-sale machines first put in use on or after that date, and as

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1    of December 4, 2006 with respect to all point-of-sale machines irrespective of age. 15 U.S.C. §

2    1681c(g).

3        4.        The statute of limitations applicable to FACTA actions is two years.  15 U.S.C. §

4    1681p.  Plaintiffs allege that on and after March 26, 2013 through as late as April 17, 2015,

5    Defendant processed credit and debit card transactions in connection with telephone and internet

6    orders and at its box office locations at Indian Wells, California and provided consumers with

7    electronically printed receipts which displayed the first number of the card and did not mask the

8    credit and debit card expiration dates.  Defendant does not admit any liability, including liability

9    for willfully violating FACTA.

10       5.        On April 23, 2015, Defendant brought a motion to dismiss the Andrade Complaint

11   based on the theory that FACTA's prohibitions do not apply to receipts that are mailed to

12   consumers by a defendant business.  In an order dated July 9, 2015, the Court dismissed the

13   Andrade Complaint.  A notice of appeal of that order was filed July 20, 2015.  On <u>Dec. 28</u>, 2015,

14   the Ninth Circuit dismissed the *Andrade* appeal without prejudice to its reinstatement for the

15   purpose of allowing the Court to review this settlement, which includes resolution of the claims

16   alleged in the Andrade Complaint.

17       6.        On June 18, 2015, Defendant brought motions to dismiss and strike the Gamache

18   Complaint.  In an order dated August 17, 2015, the Court denied both motions and granted

19   Plaintiff Gamache leave to file an amended complaint, which she did on August 18, 2015.

20   Defendant filed an answer to the First Amended Complaint in the *Gamache* action on September

21   3, 2015.

22       7.        In an order dated May 18, 2015, the Court ordered the *Andrade* and *Gamache*

23   actions related.  The two actions shall be referred to collectively herein as the "Actions."

24       8.        On October 27, 2015, the Parties mediated the Actions with respected mediator

25   retired Untied States Magistrate Judge, the Hon. Edward A. Infante, and reached a settlement

26   subject to approval of the Court.

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

9.    Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Actions, and further denies that, for any purpose other than that of settling the Actions, the claims are appropriate for class treatment.

10.    The Parties recognize that the ultimate outcome in the Actions, including the *Andrade* appeal, is uncertain and further recognize that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

11.    For purposes of settlement only, the Parties stipulate to certification of a single settlement class defined as follows:  All consumers who engaged in debit or credit card transactions with Defendant over the internet, by telephone, or in-person at one of its Indian Wells, California box office locations between March 26, 2013 and April 17, 2015, inclusive (the "Settlement Class").  The Settlement Class includes Plaintiffs, but does not include Plaintiffs' Counsel, Defendant's employees, the Court or its staff.  The "Class Period" is defined as the period March 26, 2013 through April 17, 2015, inclusive.

12.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or reasonably related to the Actions (including the *Andrade* appeal), as set forth more fully in paragraph 30 of this Stipulation of Settlement.

13.    Counsel for Plaintiffs and the proposed Settlement Class have conducted a thorough investigation into the facts of the Actions and have diligently investigated the FACTA-related claims members of the Settlement Class may have against Defendant. Based on their own independent investigation and evaluation, counsel for Plaintiffs believe that settlement with Defendant for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the members of the Settlement Class in light of all known facts and circumstances, including, but not limited to, the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

14.    The Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Actions with prejudice pursuant to the terms of this Stipulation of Settlement.

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

**AGREEMENT**

15.     NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

16.     **Consent to Consolidation of the Actions.**     The Parties and the Parties' Counsel hereby consent and agree to the Court's consolidation of the Actions for the purpose of obtaining final approval of the settlement, including consolidation of the Actions through preliminary approval of the Stipulation of Settlement, the administration of the Stipulation of Settlement, final approval of the settlement and the ultimate resolution and dismissal of the Actions with prejudice as provided herein.

17.     **Settlement Contingent Upon Court Approval.**     It is agreed by and between Plaintiffs and the Defendant that the Actions and any claims, damages, or causes of action arising out of the dispute which is the subject of the Actions, be settled and compromised as between Plaintiffs and the Settlement Class, on the one hand, and Defendant, on the other hand, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the United States District Court for the Northern District of California (the "Court").  If this Agreement does not receive final approval, the Parties shall be returned to the status quo ante as of October 27, 2015 for all litigation and appellate purposes, as if this Agreement have not been negotiated or entered into.  This includes an agreement by the Parties to request that the Court once again dismiss the *Andrade* action for the same reasons expressed in the Court's July 9, 2015 order and that the Ninth Circuit reinstate the *Andrade* appeal.

18.     **Settlement Effective Date.**     The Settlement embodied in this Stipulation of Settlement shall become effective upon the date on which all of the following have occurred: (a) execution of this Stipulation of Settlement by all Parties and counsel for the Plaintiffs and proposed Settlement Class and counsel for Defendant; (b) certification of the proposed Settlement Class; (c) entry of a final order and judgment ("Judgment") by the Court approving this Stipulation of Settlement and dismissing the Actions with prejudice in accordance with the terms herein (which terms include, but are not limited to, the Court's retention of jurisdiction over the enforcement of this settlement).  If there are any objections to the settlement that are not

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

withdrawn by the date Judgment is entered, the Settlement Effective Date shall be after the Judgment is final by virtue of it having become final and non-appealable through (i) the expiration of all allowable periods for appeal or discretionary appellate review without an appeal or request for discretionary appellate review having been filed, or (ii) final affirmance of the Judgment on appeal or remand, or final dismissal or denial of all such appeals and requests for discretionary review.

19. **Settlement Administrator.** The Parties have agreed that, subject to Court approval, Phoenix Settlement Administrators shall perform the duties of a settlement administrator ("Settlement Administrator") as set forth in this Agreement. Plaintiff shall ensure that the retention agreement with the Settlement Administrator includes appropriate provisions obligating the Settlement Administrator to keep the Settlement Class Member Contact List, as defined in paragraph 25(a) below, confidential and to use the Settlement Class Member Contact List only to perform the settlement administrator services set forth in this Agreement.

20. **Settlement Administration Costs.** The Settlement Administrator has estimated the entire cost of administering the settlement at no more than $39,500. The fees and expenses which make up the total estimated cost of administration include, but are not limited to, tax document preparation, custodial fees, accounting fees, establishing a toll-free number and providing caller support, establishing a settlement website, providing notification to Settlement Class members for whom Defendant has mailing and/or emails addresses (including performing address updates and verifications as necessary prior to the first mailing and performing a single address follow up on any returned mail), and issuing and mailing settlement checks.

21. **Checks-Mailed Settlement.** This Settlement is on a checks-mailed basis and automatically entitles each Settlement Class member who does not timely opt-out (i.e. an "Eligible Settlement Class member") to a share of the Net Settlement Sum (as defined in paragraph 22 below) for each credit and debit card transaction made by the Settlement Class member during the Class Period without the need to file a claim. Defendant estimates that the total number of credit and debit transactions during the Class Period does not exceed 23,500 and the total number of Settlement Class members is approximately 17,497.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

22.   **Establishment of Settlement Fund**.   Within 10 business days of the Settlement Effective Date, Defendant agrees to pay to the Settlement Administrator the amount of $575,000 ("Settlement Fund") to be distributed by the Settlement Administrator pursuant to this Agreement and any Court orders.   Any and all amounts payable to the named Plaintiffs, counsel for Plaintiffs and the Settlement Class, and/or to the Settlement Administrator, shall be payable exclusively from the Settlement Fund, leaving an estimated $371,750 (i.e., the "Net Settlement Sum") to be divided amongst Eligible Settlement Class members based on the number of transaction engaged in by the Eligible Settlement Class members during the Class Period as described in paragraph 23 of this Agreement.

23.   **Distribution of Settlement Fund.**   After deducting and paying within 15 business days of the Settlement Effective Date Plaintiffs' counsel's attorneys' fees and costs, the service payments (enhancement awards) to the named Plaintiffs, and the Settlement Administrator's fees and costs from the Settlement Fund, all as approved by the Court, the resulting balance (i.e., the Net Settlement Sum) shall be distributed as follows to Eligible Settlement Class members:

(a)   The Net Settlement Sum shall be divided by the total number of credit and debit card transactions engaged in by Eligible Settlement Class members during the Class Period to determine the value of each pro rata share ("Pro-Rata Share").   Each Eligible Settlement Class member shall receive one Pro-Rata Share per credit and debit card transaction during the Class Period.   Based on an estimated 23,500 debit and credit card transactions during the Class Period and $371,750 estimated Net Settlement Sum, each Pro-Rata Share will have a value of approximately $15.82.

(b)   The Settlement Administrator shall issue the appropriate check to each Eligible Settlement Class member ("Settlement Check") within 30 business days of the Settlement Effective Date.

(c)   Eligible Settlement Class members shall have 90 calendar days from the date of their Settlement Check to negotiate or deposit the Settlement Check. Thereafter, all Settlement Checks shall be deemed void, and Eligible Settlement Class members who did not timely

negotiate or deposit their Settlement Check shall not be entitled to receive any payment under the settlement.  If the total amount of uncashed checks (numerator) divided by the number of Eligible Settlement Class members who cashed their Settlement Check is greater than $5.00, there will be a second round of Settlement Checks mailed to those Eligible Settlement Class members who cashed their original Settlement Check.  If the total amount of uncashed original Settlement Checks is less than $5.00 per Eligible Settlement Class member who cashed their original Settlement Check, then there will be no issuance of any second Settlement Checks and the total amount of the uncashed Settlement Checks will be paid to the designated cy pres beneficiary, Consumer Federation of California.  If there is a second round of Settlement Checks issued, after expiration of the 90 day check cashing period, the total amount of any uncashed Settlement Checks shall be distributed to Consumer Federation of California.  None of the Parties or their counsel has any financial, personal, employment or other connection to Consumer Federation of California.

(d)     Defendant shall have no right to the return of any portion of the Settlement Fund.

24.    **Ongoing Compliance with FACTA.**  As of April 18, 2015, all of Defendant's electronically printed receipts provided to a cardholder at the point of sale or transaction resulting from purchases or transactions paid for with a credit card or debit card have complied with FACTA's truncation requirements.   Defendant hereby agrees to continue to abide by the truncation requirements of FACTA.

25.    **Notice to the Settlement Class.**  Defendant shall incur and pay for all notice costs described below or otherwise ordered by the Court, including but not limited to notice costs incurred by the Settlement Administrator and all such costs shall be payable and deducted from the Settlement Fund.[1]  Notice shall be made to the Settlement Class through all of the following means:

---

[1] Regardless of the reason, if the settlement does not result in a final Judgment, Defendant shall be responsible to pay the Settlement Administrator for all costs and expenses incurred by the Settlement Administrator for work performed in connection with this settlement.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

(a)   **Notice by Regular Mail and Email:**   There were approximately 23,500 credit and debit transactions during the Class Period.  Defendant estimates that approximately 17,497 Settlement Class members are responsible for the 23,500 transactions. Defendant represents that it has the name of each Settlement Class member and has mailing addresses for approximately 95% of the Settlement Class.   Within 30 calendar days after the Court grants preliminary approval of the settlement, Defendant will provide the names, mailing addresses, and any other contact information in Defendant's possession for the Settlement Class members (the "Settlement Class Member Contact List") to the Settlement Administrator in a format to be mutually agreed upon by the Settlement Administrator and Defendant.  No more than 20 calendar days after the Defendant provides the Settlement Class Member Contact List to the Settlement Administrator, the Settlement Administrator shall attempt to locate addresses for the approximately 5% of Settlement Class Members for whom Defendant does not have a mailing address, perform any necessary address updates, reverse directory searches and other verifications and mail the Class Action Settlement Notice (Exhibit "A," hereto) in an envelope formatted manner similar to Exhibit "B" hereto, to each of these Settlement Class members for whom a mailing address could be located and email a copy of the Class Action Settlement Notice to each of the email addresses provided.   The email shall include a link to the Settlement Website described below.  The Settlement Class Member Contact List shall not be provided to Plaintiffs' Counsel. In the event that Plaintiffs' Counsel inadvertently receives the Settlement Class Member Contact List, he will promptly destroy and/or delete all copies of the same and agrees not to use any information in the Settlement Class Member Contact List for any purpose.  The Settlement Administrator shall keep the Settlement Class Member Contact List confidential and shall use the Settlement Class Member Contact List only to perform the settlement administrator services set forth in this Agreement.

(b)   **Settlement Website:**   Beginning no more than 30 calendar days after the Court grants preliminary approval of the settlement, the Settlement Administrator shall publish a website on the internet at the URL www.DesertChampionsFACTASettlement.com (or a similar name if that one is not available) ("Settlement Website") which shall set forth a summary of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

terms of the settlement, and shall state the means by which Settlement Class members may communicate with the Settlement Administrator (including, but not limited to, the Settlement Administrator's business name, address, toll-free telephone number, and e-mail address), instructions on how to opt-out of the settlement and the deadline associated therewith, and instructions on how to file an objection and the deadline associated therewith.  The Settlement Website shall also provide, free of charge, a viewable, printable and downloadable copy, in PDF file format, of each of the following documents: this Settlement Agreement; the Andrade Complaint; the Gamache Complaint; the Answer to the Gamache Complaint; the Court's order preliminarily approving the Settlement and certifying the Settlement Class; the Class Action Settlement Notice (Exhibit "A"); the mailing envelope (Exhibit "B") and the Opt-Out Form (Exhibit "C").  The Settlement Website shall remain active for six months after the Settlement Effective Date.

26.   **Attorneys' Fees and Costs.**   Defendant shall not object to or oppose an application to the Court by counsel for Plaintiffs and the Settlement Class for an award of up to $143,750 in attorneys' fees, plus all actual out of pocket costs, which are estimated not to exceed $10,000, both payable from the Settlement Fund, to compensate said counsel for all of the work already performed in this case and all of the work remaining to be performed in documenting this settlement, securing final Court approval of the settlement, and ensuring that the settlement is fairly administered and implemented.  Payment to counsel for Plaintiffs and the Settlement Class (in the amount finally approved by the Court) will be made by the Settlement Administrator within 15 business days of the Settlement Effective Date.  If the fees and/or costs awarded to Plaintiffs' Counsel are less than the amounts requested, any difference shall become part of the Net Settlement Sum and distributed to the Eligible Settlement Class members.

27.   **Service Payment (Enhancement Award) to Plaintiffs.**  Defendants shall not object to or oppose an application to the Court by each of the named Plaintiffs for a service payment (enhancement award) of up to $5,000 to each of them, payable from the Settlement Fund, to compensate each of the Plaintiffs for their service as representatives of the Settlement Class, which shall be in addition to any amount to which each Plaintiff shall be entitled to as an

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1 Eligible Settlement Class member.  Payment to Plaintiffs for this enhancement award (in the
2 amount finally approved by the Court) will be made by the Settlement Administrator within 15
3 business days of the Settlement Effective Date.  If the service payments awarded to Plaintiffs are
4 less than this amount, any difference shall become part of the Net Settlement Sum and distributed
5 to the Eligible Settlement Class members.

6      28.    **Opt-Out Process.**  Settlement Class members will have 60 days from the date the
7 Class Action Settlement Notices are first mailed  to exclude themselves from the settlement by
8 returning a completed Opt-Out Form or document containing the equivalent information to the
9 Settlement Administrator. The Opt-Out Form shall be in the form attached hereto as Exhibit "C."
10 Settlement Class members who timely opt-out of the Settlement shall: (a) have no right to receive
11 any benefits under the settlement; (b) not be bound by the terms of the settlement; and (c) not
12 have any right to object to the terms of the settlement or be heard at the final fairness hearing.
13 Opt-Out forms must be submitted individually and cannot be made on behalf of a group of
14 Settlement Class members.  Each Opt-Out Form or equivalent document must be signed by the
15 opting-out Settlement Class member.

16        a.    The Settlement Administrator shall compile a list of all Settlement Class
17 members who timely opt-out and provide a copy of that list to counsel for the Parties no later than
18 10 calendar days after the close of the opt-out period.

19        b.    If more than 5% of Settlement Class members opt-out of this settlement, at
20 Defendant's election, made at least 20 business days before the final fairness hearing, this
21 Agreement is null and void.  If Defendant elects to void this Agreement, it is responsible to pay
22 the Settlement Administrator for all costs and expenses incurred by the Settlement Administrator
23 for work performed in connection with this settlement.

24      29.    **Objections to the Settlement.**  Any Settlement Class member who does not opt-
25 out of the settlement may, on his or her own, or through an attorney hired at his or her own
26 expense, object to the settlement or to any of the terms of this Stipulation.  Any such objection(s)
27 must be filed with the Court. To be effective, any such objection(s) must be in writing and filed
28 with the Court in the *Gamache* action no later than 60 days from the date the Class Action

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

Settlement Notices are first mailed or as the Court may otherwise direct.  Each objection must include (1) the name of the Actions, (2) the objector's full name, address and telephone number, (3) proof of the objector's membership in the Settlement Class, (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel, (5) the identity of all counsel who represent the objector, if any, and (6) a statement confirming whether the objector intends to personally appear at the final fairness hearing.

       a.       Any Settlement Class member who fails to timely file written objections in this manner shall be deemed to have waived any objections and shall be foreclosed from making any objections to the settlement and from filing any appeal from the Judgment.

       b.       At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class members to submit written objections to the settlement or to appeal any of the Court's orders related to this Agreement.

30.    **Release by the Settlement Class.**  The time period covered by the release of claims described in this paragraph is March 26, 2013 through October 27, 2015.  As of the Settlement Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each member of the Settlement Class who does not timely opt-out of the settlement, fully releases and discharges Defendant, as well as its present and former officers, directors, members, managers, shareholders, agents, parents, subsidiaries, insurers, operators, partners, joint ventures, consultants, attorneys, successors and assigns, from any and all claims, costs, expenses, attorneys' fees, or damages, of whatever kind or nature, known or unknown, which were brought or could have been brought in the Actions, for violating the truncation requirements of FACTA, 15 U.S.C. § 1681c(g) ("the Released Claims").

31.    **Class Action Fairness Act of 2005.**  To the extent that any notice pursuant to 28 U.S.C. § 1715 is required, Defendant shall be responsible for providing timely notice after meeting and conferring with Plaintiffs regarding the content of the notice.

32.    **Duties of the Parties Prior to Court Approval of the Settlement.**  The Parties shall promptly submit this Stipulation of Settlement to the Court for preliminary approval.  Upon

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

execution of this Stipulation of Settlement, Plaintiff shall apply to the Court for the entry of a preliminary order:

(a)     Certifying a Settlement Class as defined herein;

(b)     Appointing Plaintiffs Hilary K. Gamache and Michele Andrade as class representatives for settlement purposes;

(c)     Appointing Plaintiffs' counsel, Eric A. Grover, as class counsel for settlement purposes.

(d)     Approving the means of notice, as described herein, to the Settlement Class as well as the form and content of the proposed Class Action Settlement Notice;

(e)     Approving as to form and content the proposed Opt-Out Form;

(f)     Directing notice to be provided to Settlement Class members as described herein;

(g)     Preliminarily approving the settlement subject to final review by the Court;

(h)     Establishing deadlines for Settlement Class Members to submit a request for exclusion from the Settlement and to submit objections to the Settlement;

(i)     Appointing Phoenix Settlement Administrators as the Settlement Administrator to perform the duties of a settlement administrator; and

(j)     Scheduling a final fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and Plaintiffs' service payments, is fair, reasonable and adequate to the Settlement Class.

33.     **Duties of the Parties In Connection With Final Court Approval of the Settlement.**  At the time of the final fairness hearing by the Court, counsel for the Plaintiffs and the Settlement Class will submit a proposed final order and judgment:

(a)     Approving the settlement reflected in this Stipulation of Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1
2

      (b)      Approving Plaintiffs' counsels' application for an award of attorneys' fees and costs;

3
4

      (c)      Approving the service payments to Plaintiffs as the class representatives; and

5
6
7

      (d)      Dismissing the Actions in their entirety with prejudice and without costs to any of the Parties except as provided in this Stipulation of Settlement and the Judgment, provided, however, that the Court shall retain jurisdiction over the enforcement of this settlement.

8
9
10
11

34. **Agreement Shall Survive Any Intervening Change of Law.** The Parties agree and intend that this settlement agreement will not be affected by any change, modification, reversal or clarification of the law, including but not limited to any change, modification, reversal or clarification regarding standing, willfulness or the propriety of class certification.

12
13
14

35. **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

15
16
17
18
19
20

36. **Mutual Full Cooperation.** The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, to effectuate this Stipulation of Settlement and the terms set forth herein.

21
22
23
24

37. **No Prior Assignments.** The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

25
26
27

38. **No Admission.** Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

39.   **No Tax Advice.**  Each of the Parties to this Agreement acknowledges and agrees that: (a) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice; (b) each has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement; and (c) each has not entered into this Agreement based upon the recommendation of any of the other Parties or any attorney or advisor to any of the other Parties.

40.   **Notices.**  Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and addressed as follows;

**To the Plaintiffs and/or the Settlement Class:**

Eric A. Grover, Esq.
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile:  (415) 543-7861
eagrover@kellergrover.com

**To the Defendant:**

Lawrence E. Butler, Esq.
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile:  (415) 397-8549
lbutler@seyfarth.com

41.   **Construction.**  The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

42.   **Headings and Interpretations.**   Any and all paragraph titles, headings or captions contained herein are inserted as a matter of convenience and for reference, and in no way

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

43.    **Change of Time Periods.**   The time periods and/or dates described in this Stipulation with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendant's Counsel, without notice to the Settlement Class.

44.    **Modification.**   This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

45.    **Integration Clause.**   This Stipulation of Settlement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by any party or such party's legal counsel, are merged herein.   No rights hereunder may be waived except in writing.

46.    **Agreement Binding.**   This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

47.    **Class Signatories.**   It is agreed that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each member of the Settlement Class execute this Stipulation of Settlement. The notice program to the Settlement Class, described in paragraph 25 above, will advise all Settlement Class members of the binding nature of the releases herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class who does not timely opt-out of the settlement.

48.    **Covenant not to Sue.**   Each of the members of the Settlement Class hereby irrevocably covenants to refrain from, directly or indirectly, asserting any of the Released Claims, or commencing, instituting or causing to be commenced any proceeding of any kind, against Defendant or its successors or assigns based upon any of the Released Claims.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1    49.    **Counterparts.** This Agreement may be executed and delivered in counterparts,

2   each of which, when so executed and delivered, shall be deemed to be an original, including but

3   not limited to pages transmitted by facsimile or PDF.

4

5   AGREED TO AND ACCEPTED:

6

7   DATED: December ___, 2015                    **Plaintiff:**
                        20

8                                                By: _Hilary K Gamache_____

9                                                    HILARY K. GAMACHE

10  DATED: December ___, 2015                    **Plaintiff:**

11

12                                               By: _____

13                                                   MICHELE ANDRADE

14  DATED: December ___, 2015                    **Defendant:**

15                                               DESERT CHAMPIONS LLC

16

17                                               By: _____

18  APPROVED AS TO FORM:

19

20  DATED: December _18_, 2015                   **Attorneys For Plaintiffs and the Settlement
                                                 Class:**
21
                                                 KELLER GROVER LLP
22

23                                               By: _____

24                                                   Eric A. Grover

25

26  DATED: December ___, 2015                    **Attorneys For Defendant:**

                                                 SEYFARTH SHAW LLP
27

28                                               By: _____
                                                     Lawrence E. Butler

STIPULATION OF SETTLEMENT            - 17 -

49.   **Counterparts.** This Agreement may be executed and delivered in counterparts, each of which, when so executed and delivered, shall be deemed to be an original, including but not limited to pages transmitted by facsimile or PDF.

AGREED TO AND ACCEPTED:

DATED: December ___, 2015          **Plaintiff:**

                                   By: _____
                                         HILARY K. GAMACHE

DATED: December _17_, 2015         **Plaintiff:**

                                   By: _Michele Andrade_____
                                         MICHELE ANDRADE

DATED: December ___, 2015          **Defendant:**

                                   DESERT CHAMPIONS LLC


                                   By: _____

APPROVED AS TO FORM:

DATED: December ___, 2015          **Attorneys For Plaintiffs and the Settlement Class:**

                                   KELLER GROVER LLP


                                   By: _____
                                         Eric A. Grover

DATED: December ___, 2015          **Attorneys For Defendant:**

                                   SEYFARTH SHAW LLP


                                   By: _____
                                         Lawrence E. Butler

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

STIPULATION OF SETTLEMENT          - 17 -

49.    <u>Counterparts.</u> This Agreement may be executed and delivered in counterparts, each of which, when so executed and delivered, shall be deemed to be an original, including but not limited to pages transmitted by facsimile or PDF.

AGREED TO AND ACCEPTED:

DATED: December ___, 2015                    **Plaintiff:**

                                             By: _____
                                                 HILARY K. GAMACHE

DATED: December ___, 2015                    **Plaintiff:**

                                             By: _____
                                                 MICHELE ANDRADE

DATED: December _30_, 2015                   **Defendant:**

                                             DESERT CHAMPIONS LLC

                                             By: _____
                                                 RAYMOND MOORE

APPROVED AS TO FORM:

DATED: December ___, 2015                    **Attorneys For Plaintiffs and the Settlement
                                             Class:**

                                             KELLER GROVER LLP

                                             By: _____
                                                 Eric A. Grover

DATED: December _31_, 2015                   **Attorneys For Defendant:**

                                             SEYFARTH SHAW LLP

                                             By: _____
                                                 Lawrence E. Butler

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

# EXHIBIT A

## CLASS ACTION SETTLEMENT NOTICE
### READ THIS NOTICE CAREFULLY
### YOUR LEGAL RIGHTS MAY BEAFFECTED

*H. Gamache v. Desert Champions LLC,* USDC ND CA Case No. 4:15-cv-02112-EMC
*M. Andrade v. Desert Champions LLC,* USDC ND CA Case No. 3:15-cv-01394-EMC

**You have been identified as being a likely Settlement Class Member entitled to benefits under the terms of this Class Action Settlement. Please read the rest of this Notice to find out more.**

### What is the Case About?

This class action case alleges that Desert Champions LLC, operator of the BNP Paribas Open tennis tournament at the Indian Wells Tennis Garden, willfully violated the federal Fair and Accurate Credit Transactions Act ("FACTA") by printing more than the last four digits of credit and debit card numbers and by failing to mask the expiration date on customers' credit and debit card receipts provided in connection with telephone and internet orders and transaction at the box office locations at the Indian Wells Tennis Garden between March 26, 2013 and April 17, 2015.

### What is a Class Action?

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. One court resolves the issues for all class members, except for those who exclude themselves from the class.  United States District Court Judge Edward M. Chen of the Northern District of California is in charge of this class action.

### Am I a Class Member?

You are a Class Member if you made an individual, non-business related, credit card or debit card purchase or transaction by telephone, over the internet or at a box office location at the Indian Wells Tennis Garden between March 26, 2013 and April 17, 2015 (the "Class Period").  If you are receiving this Notice by mail, Defendant has a record of you making one or more credit or debit card purchases or transactions during the Class Period.

### Why is There a Settlement?

Both sides agreed to a settlement to avoid the uncertainty and cost of a trial and provide benefits to class members.  The Court did not decide in favor of Plaintiffs or Defendant, and Desert Champions denies any liability or wrongdoing of any kind associated with the claims asserted in this class action.

### What Can I Get From The Settlement?

Desert Champions has agreed to create a Settlement Fund of $575,000 which, after fees and costs are deducted, will be divided among all Class Members based on the number of credit or debit card purchases and transactions each Class Member had during the Class Period.  Based on an estimated 23,500 total debit and credit card transactions during the Class Period, Class Members can expect to receive approximately $15.82 for each credit or debit purchase or transaction during the Class Period.  This is only an estimate.  The actual amount paid out will be calculated after the Court enters a final approval order and the judgment becomes final.

**Questions?  Contact the Settlement Administrator toll free at 1-xxx-xxx-xxxx**

## What Do I Need to Do To Receive A Settlement Check?

Nothing.  So long as you do not opt-out of the settlement (see below for an explanation of your opt-out rights), you will be automatically sent a settlement check if the settlement receives final approval.  You should let the Settlement Administrator know if you change your mailing address before you receive your settlement check.  The Settlement Administrator can be reached by calling 1-8XX-XXX-XXXX or writing the Settlement Administrator at [Address].

## What Am I Giving Up to Get A Settlement Check?

Unless you exclude yourself, you will remain in the Settlement Class and be bound by the terms of the settlement and all of the Court's orders. This means that you can't bring your own case or be part of any other FACTA lawsuit against Desert Champions.  Staying in the Settlement Class also means that you agree to the following release of claims which describes exactly the legal claims that you give up:

**Release by the Settlement Class.** The time period covered by the release of claims described in this paragraph is March 26, 2013 through October 27, 2015.  As of the settlement effective date, and except as to such rights or claims as may be created by the Settlement Agreement, each member of the Settlement Class who does not timely opt-out of the settlement, fully releases and discharges Desert Champions LLC, as well as its present and former officers, directors, members, managers, shareholders, agents, parents, subsidiaries, insurers, operators, partners, joint ventures, consultants, attorneys, successors and assigns, from any and all claims, costs, expenses, attorneys' fees, or damages, of whatever kind or nature, known or unknown, which were brought or could have been brought in the pending actions, for violating the truncation requirements of FACTA, 15 U.S.C. § 1681c(g).

## When Can I Expect To Receive My Settlement Benefits?

The Court will hold a hearing on [Date], to decide whether to give final approval to the settlement.  You will be kept informed of the progress of the settlement through the dedicated settlement website at www.DesertChampionsFACTASettlement.com.  Please be patient.

## Can I Exclude Myself From the Settlement?

If you don't want to receive benefits from this settlement, but you want to keep the right to sue the Defendant on your own about the issues in this case, then you must take steps to exclude yourself from the settlement. To exclude yourself from the settlement, you must complete and return the Request For Exclusion form.  The Request For Exclusion form may be obtained through the settlement website, www.Desert_ChampionsFACTASettlement.com, by calling 1-8XX-XXX-XXXX or by writing the Settlement Administrator at [Address].  Be sure to include your name, address, telephone number, and your signature.  You must mail your completed Request for Exclusion form so that it is postmarked no later than [Date] and mailed to:

Desert Champions Exclusions
c/o Phoenix Settlement Administrators
P.O. Box XXXX
City / State, XXXXX

If you request to be excluded from the settlement, you will not get any settlement benefits, and you cannot object to the terms of the settlement. You will not be legally bound by anything that happens in these lawsuits.

**Questions?  Contact the Settlement Administrator toll free at 1-xxx-xxx-xxxx**

### If I Don't Exclude Myself, Can I Sue the Defendant for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit covering this same claim, speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.

### Do I Have a Lawyer in the Case?

The Court has appointed Eric A. Grover of Keller Grover LLP to represent you and other class members, as Class Counsel. You will not be charged for this lawyer. If you want to be represented by your own lawyer, you may hire one at your own expense.

### How Will the Lawyers Be Paid?

Class Counsel will ask the Court to approve payment of up to $143,750 in attorneys' fees and up to $10,000 in actual out-of-pocket costs. The fees would pay Class Counsel for investigating the facts, litigating the case and negotiating the settlement.  Class Counsel will also ask the Court to approve payments of $5,000 each to the two Class Representatives for their services as Class Representatives. The Court may award less than these amounts.  These amounts will be paid out of the Settlement Fund.

### How Do I Tell the Court That I Don't Like the Settlement?

If you're a Class Member, you can ask the Court to deny final approval by filing an objection.  You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies final approval, no settlement payments will be sent out and the lawsuits will continue.  Each objection must include (1) the names of the lawsuits, (2) the objector's full name, address and telephone number, (3) proof of the objector's membership in the Settlement Class, (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel, (5) the identity of all counsel who represent the objector, if any, and (6) a statement confirming whether the objector or the objector's counsel intends to personally appear and/or testify at the final fairness hearing.  Any objection must be filed with the Court either by mailing with a postmark date no later than [Date] to the Class Action Clerk, United States District Court for the Northern District Court of California, 450 Golden Gate Avenue, San Francisco, California 94012, or by filing it in person at any location of the United States District Court for the Northern District Court of California by [Date].

### What's the Difference Between Objecting and Excluding?

Objecting is telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a final fairness hearing at [Time] on [Date] at 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, California before Judge Edward M. Chen. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. After the hearing, the Court will decide whether to approve the settlement. Class Counsel do not know how long these decisions will take.  Please note that the hearing date may be continued without further notice to the Settlement Class.  You may check the settlement website, www.DesertChampionsFACTASettlment.com, or the Court's PACER website (see below) to confirm the date of the hearing has not been changed.

**Questions?  Contact the Settlement Administrator toll free at 1-xxx-xxx-xxxx**

### Do I Have to Come to the Hearing?

No. Class Counsel will answer questions Judge Chen may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### Are There More Details About the Settlement?

This notice only summarizes the proposed settlement.  For the precise terms and conditions of the settlement, including a copy of the Settlement Agreement, you may visit the settlement website, www.DesertChampionsFACTASettlement.com ,or access the Court docket through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or review the Court docket in person by visiting the Office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You can also contact Class Counsel:

Eric A. Grover, Esq.
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE WITH ANY QUESTIONS RELATED TO THE SETTLEMENT**

**Questions?  Contact the Settlement Administrator toll free at 1-xxx-xxx-xxxx**

**EXHIBIT B**

Desert Champions Settlement Claims Administrator
Phoenix Settlement Administrators
[insert address]

[Insert Recipients Address]

THIS IS A LEGAL NOTICE.  IT IS NOT AN ADVERTISEMENT OR A SOLICITATION.
THIS NOTICE CONTAINS INFORMATION ABOUT YOUR RIGHTS TO
MONEY FROM A LEGAL SETTLEMENT.
OPEN IMMEDIATELY.

# EXHIBIT C

## REQUEST FOR EXCLUSION FROM THE SETTLEMENT

*H. Gamache v. Desert Champions LLC,* USDC ND CA Case No. 4:15-cv-02112-EMC

*M. Andrade v. Desert Champions LLC,* USDC ND CA Case No. 3:15-cv-01394-EMC

Desert Champions Exclusions
c/o Phoenix Settlement Administrators
P.O. Box XXXX
City / State, XXXXX
Toll Free: 1-8XX-XXX-XXXX

### *COMPLETE ONLY IF YOU DO NOT WANT TO SHARE IN THE SETTLEMENT*

**This Request For Exclusion Form Must be Postmarked No Later
Than _____, 2016**

Please print your name, address, telephone number below:

Name: _____

Address: _____

City, State, Zip Code: _____

### INSTRUCTIONS

**If you do not want to participate in this settlement,** you may exclude yourself.  This is called "opting-out" of the settlement.  If you opt-out of the settlement, (a) you will have no right to receive any benefits under the settlement in this case, (b) you will not be bound by the settlement, and (c) you will have no right to object to the settlement or be heard at the final fairness hearing.

To opt out, you must submit this completed Request for Exclusion form and return it by regular mail to Desert Champions Exclusions c/o Phoenix Settlement Administrators, at the address listed above.  To be timely, your Request For Exclusion form must be **postmarked no later than _____, 2016.**

### OPT-OUT SIGNATURE

By signing this Request For Exclusion form, I hereby opt out of this settlement.  I understand that I will have no right to receive any benefits from the settlement in this case, and I will have no right to object to the settlement and/or be heard at the final fairness hearing.

Date: __ __/__ __/__ __ __

Signature: _____

Printed Name of Person Signing: _____

**Questions? Call 1-8XX-XXX-XXXX or www.HyundaiRecordingSettlement.com**

WEST\248442049.2

EXHIBIT 2

FILED

UNITED STATES COURT OF APPEALS

DEC 28 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELE ANDRADE, individually and on behalf of a class of similarly situated individuals, | No. 15-16446 |
| | D.C. No. 3:15-cv-01394-EMC Northern District of California, San Francisco |
| Plaintiff - Appellant, | |
| v. | |
| | ORDER |
| DESERT CHAMPIONS LLC, | |
| Defendant - Appellee. | |

The court is in receipt of the parties' Joint Stipulation to Dismissal of Appeal

Without Prejudice to Reinstatement. The joint stipulation to dismiss the appeal

without prejudice to reinstate is granted. Pursuant to the terms of the parties'

stipulation, the appeal is dismissed without prejudice to reinstatement in the event

that the District Court fails to enter a final order approving the parties' stipulation

of settlement.

Reinstatement shall be by notice filed by any party in this court and served

on the other parties and the Circuit Mediator within 28 days of the District Court's

negative ruling on the motion for final approval of the proposed class action

settlement, but in any event by December 30, 2016. If no notice of reinstatement is

filed and served by December 30, 2016, the appeal will be deemed dismissed with

prejudice.

A copy of this order shall serve as and for the mandate of this court.

FOR THE COURT:


By: Peter W. Sherwood
Circuit Mediator

pws/mediation

EXHIBIT 3

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:   (415) 543-1305
Facsimile:    (415) 543-7861

Attorneys for Plaintiff
HILARY GAMACHE and MICHELE ANDRADE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HILARY GAMACHE, individually and on behalf of a class of similarly situated individuals,<br><br>   Plaintiff,<br><br>  v.<br><br>DESERT CHAMPIONS LLC,<br><br>   Defendant. | Case No:  4:15-cv-02112 EMC<br>Case No:  3:15-cv-01394-EMC<br><br>CLASS ACTION<br><br>**DECLARATION OF MICHAEL E. MOORE ON BEHALF OF PHOENIX SETTLEMENT ADMINISTRATORS REGARDING CLASS SETTLEMENT ADMINISTRATION**<br><br>Date:  February 11, 2016<br>Time:  1:30 p.m.<br>Courtroom:  5, 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>*Gamache* Complaint filed: May 11, 2015<br>*Andrade* Complaint filed:  March 26, 2015 |
| MICHELE ANDRADE, individually and on behalf of a class of similarly situated individuals,<br><br>   Plaintiffs,<br><br>  v.<br><br>DESERT CHAMPIONS LLC,<br><br>   Defendant. | |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

I, Michael E. Moore, declare as follows:

1.     I am the President and Managing Partner at Phoenix Settlement Administrators ("PSA"). I have personal knowledge of the facts stated herein and, if called upon to testify, I could and would testify competently to such facts.

2.     I personally have over seven years of experience in claims management and administration of class and collective action matters.

3.     PSA has extensive experience administering class action matters.  PSA has administered complex wage and hour, labor and employment, consumer/ product liability, TCPA, FLSA, FACTA, ERISA and PAGA class action matters, thru final approval and distribution.  PSA has developed a system of quality assurance measures, to ensure the highest quality service is provided in our cases and to class members.

4.     PSA's Claims Management Group has extensive experiences in all aspects of Notification and Identification of Class Members, Claims Processing, Formulation and Calculation Methodologies, Award Distribution and Taxation, Accounting and Reconciliation.

5.     PSA has extensive experience in and are experts at all aspects of complex class action matters including; (i) preparing, printing, mailing and tracking privacy notices; (ii)  operation of a 24/7/365 multi-lingual call center; (iii) establishing settlement websites; (iv) claims management; (v) USPS processes and systems, third party tracing, including the use of reverse telephone directory services; (v) database management, programming and security protocols; (vii) calculating and issuing settlement payments; (viii) tax management, filings, and account reconciliation; and (ix) final approval.

6.      PSA has been appointed as a Claims Administrator in both State and Federal Courts.

7.     A true and correct copy of PSA's Curriculum Vitae is attached hereto as Exhibit A.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 14th day of December, 2015, at Newport Beach, California.

MICHAEL E. MOORE

**EXHIBIT A**



### 600 W. Broadway, Suite 700 San Diego, CA 92101
### 888.613.5553
**www.phoenixclassaction.com**

## CURRICULUM VITAE

## <u>Phoenix Settlement Administrators, PSA Overview</u>

Phoenix Settlement Administrators, PSA, is an emerging, National, Class Action Notification and Claims Administration firm, located in San Diego and Newport Beach California. PSA's core competencies ensures delivery of the highest quality and accuracy to its Clients and Class Members. With a combined 18 years of expert experience, PSA,'s Managing Partners, Case Supervisors, Managers and Associates, Data Programming, and Certified Secured Strategic Partners, possess all the qualities that our Clients expect throughout the Noticing, Administration and Final Approval process. It is our Value Pricing, Efficiency, Experience, Consultative Expertise and Delivery, that has perpetuated PSA, as a leader in Class Action Settlement Administration. Expert PSA staff members are currently managing, Consumer and Product Liability, TCPA, Complex Labor & Employment, FLSA, ERISA and PAGA cases.

PSA has over 100 Attorney & Law Firm Clients, which have entrust us with the management of their claims administration, because of the Service and Attention every case receives. PSA price point for service is an exceptional Value, on cases large or small, because every case receives expert management, secure data custody, neutral communication and a dedicated team. This seamless process, maintains superior case continuity, to ensure our clients receive timely final approval and conclusion to their actions. Phoenix Settlement Administrators implements its successful C.A.S.E. solutions on all our class action matters.

With tens of Millions of dollars in award disbursements and currently under management, since our inception, PSA has the ability and strengths to manage all levels of Complex Cases. PSA's Staff "Synergy" is our greatest attribute. It allows our people to work closely together and solve our client's case issues. PSA prides itself as a true "Third Party Administrator" and holds Neutrality as a mantra. Because of this approach, both Defense and Plaintiff Clients, experience fairness, trust and confidence in us, and allows for continued business from both parties. PSA has been appointed Third Party Administrator in State and Federal Courts.

We look forward to working with you on your next Class Action Noticing Campaign or Claims Administration. Let us design a C.A.S.E. solution, which will allow us to showcase the difference you'll experience. Superior Service, Class Saving Value Pricing and Timely Outcomes is why our clients come back to Phoenix.



**PHOENIX**
SETTLEMENT ADMINISTRATORS

CLASS ACTION SETTLEMENT SOLUTIONS

## Expert Core Services

Initial Planning and Consultative Service on Class Action Cases and Noticing Plans.

State/Nationwide Noticing Expertise: Privacy, Media, Publication, Internet & Email Campaigns.

Attorney General(s) CAFA Notification

Claims Programming, Administration, Processing and Reporting.

24/7/365 Multi-Lingual Call Center Support and Claims Processing

Secure Data Management Environment, Individual Firewalls, Encrypted Data and Storage

Settlement Fund Calculations, Solutions, Award Distribution, Award Reconciliation

Tax Filings: State, Federal, EDD, ETT, FUTA, PAGA Payments

## Partial PSA Client List, Defense and Plaintiff

| | |
|---|---|
| Fisher & Phillips | Law Offices of Jonathan Ricasa |
| Gordon & Rees | Dente Law Firm |
| Paul Plevin Sullivan & Connaughton | Mahoney Law Group |
| Call & Jensen | Law Office of Thomas Rutledge |
| Drinker Biddle | Law Office of Briana Kim |
| McKenna Long & Aldridge | Dychter Law Firm |
| Greenberg Traurig | Garay Law Firm |
| Manning & Kass | Olsen Law Offices |
| Littler Mendelson | Gould & Associates |
| Kring & Chung | Cohelan, Khoury & Singer |
| Orrick Herrington & Sutcliffe | Ridout, Lyon & Ottoson |
| Ogletree Deakins Nash Smoak & Stewart | Carter Law Firm |
| Perkins Coie | Law Office of Justian Jusef |
| Ross Wersching & Wolcott | The Phelps Law Group |
| Winston & Strawn | The Emilio Law Group |
| Sheppard Mullins | Zeldes, Haeggquist & Eck |
| Lewis Brisbois Bisgaard & Smith | Markham Law Firm |
| Morgan Lewis & Bockius | Arias Ozzello & Gignac |
| Paul Hastings | David Yeremian & Associates |
| Park & Zheng | Ageis Law Firm |
| Sidley Austin | Rukin Hyland Doria & Tindall |
| Higgs Fletcher & Mack | Malk Law Firm |
| Jackson Lewis | Spiro Law Corp |
| Norton Rose Fulbright | Levine Law Group, APC |